HIRAM WILLARD *versus* GEORGE WHITNEY.

The records of a court, when once made up, are conclusive upon all parties until altered or set aside by a court of competent jurisdiction.

The statements contained in them must be taken as true, and cannot be contradicted or explained by evidence *ab extra.*

But if any errors are shown to exist in any record they may be corrected by the court.

The docket entries are regarded as the record of the court until the record is extended, but they cannot be received to contradict the record when once extended.

Evidence that a docket entry has been erased may be received as the basis of an amendment of the record, but not to contradict it.

An officer, representing creditors subsequently attaching, may impeach a judgment against the debtor for fraud; but, in an action against himself for not keeping property attached on the writ, he cannot impeach the judgment to lessen his own liability, or for the benefit of the debtor.

In such an action, the value of the property attached, as stated in the officer's return, and in a receipt taken for it, in the absence of all contradictory proof, may be taken as the true value of the property for which the officer is liable.

An attachment is not dissolved by the death of one of the defendants, unless it be shown that a commission of insolvency issued on his estate.

ON EXCEPTIONS to rulings and instructions of DAVIS, J., and on a motion for a new trial, because the verdict was against evidence, and on the ground of newly discovered evidence. The motions were not argued.

This was an action of the CASE against the late sheriff of Somerset county, for the alleged default of his deputy, Daniel Bunker, in not keeping certain property attached by him on a writ of plaintiff against Thomas McMullen and George McDaniels.

The plaintiff offered a copy of his writ, &c., against McMullen & al., a copy of judgment, execution and return thereon. The defendant suggested a diminution of this record, but the proof offered was received *pro forma*. The evidence showed that the original writ was dated January 25, 1854, and was returnable to the March term, 1854; that the case was duly entered, and continued from term to term till the March term, 1858, when the death of McDaniels was suggested, and the writ amended by leave of Court by striking out his name; that the other defendant was then defaulted, and, after a hearing in damages before the clerk, judgment was entered for the plaintiff.

The defendant offered evidence consisting of erased entries upon the writ and docket in the handwriting of the person who was clerk, April 1, 1854, tending to show that judgment was rendered on default at the March term, 1854, and execution issued thereon; that the docket entries of such a judgment and the issuing of execution thereon, were not erased prior to Sept. 18, 1854; and that the person who was then clerk at the time of the trial lived, and for several previous years thereto had lived in one of the Western States.

As these minutes of proceedings were not entered upon any other book of records, nor incorporated into the final record, of which the plaintiff introduced a copy, the presiding Judge ruled that the attachment of the property (on the McMullen writ) was not thereby dissolved.

The defendant offered evidence to prove that, at the hear-

ing in damages in March, 1858, the plaintiff fraudulently took judgment against McMullen, for more than four times the amount he knew and had admitted to be due, but it was excluded by the Judge.

There was no evidence as to the value of the property attached, except Bunker's return on the writ, and the receipt he took for the property, in both of which it was valued at $450.

The Judge instructed the jury on this point, that they were authorized to find for the plaintiff for the amount of the judgment rendered in March, 1858, with interest for that time.

The jury found a verdict for plaintiff for $413,86, being the amount of that judgment and interest.

To these rulings and instructions the defendant excepted.

*John S. Abbott,* in support of the exceptions, made the following points.

1st. The evidence as to the *first* judgment, execution, &c., was received without objection, and shows that the attachment was dissolved. *Leighton* v. *Reed,* 28 Maine, 87; *Suydam & al.* v. *Higgeford,* 23 Pick., 467.

2. If the evidence had been objected to, it should be received, because *this* defendant was no party to that suit, and because Mr. Hobbs, who was the clerk of the Court, moved from the State without making up that judgment, and hence, the dockets are competent evidence. *Pruden & ux.* v. *Alden,* 23 Pick., 184; *Davidson* v. *Slocum,* 18 Pick., 464.

3. The proceedings which vacated the attachment having been erased by the former clerk, his successor could not incorporate them into the last judgment; and, hence, they must be proved *aliunde,* as in case of such amendments as vacate attachments and do not appear of record. *Putnam* v. *Hall,* 3 Pick., 445; *Hill* v. *Hunnewell,* 1 Pick., 192; *Willis* v. *Crocker,* 1 Pick., 203; *Fairfield* v. *Baldwin,* 12 Pick., 388; *Moulton* v. *Chapin,* 28 Maine, 505; *Clark* v. *Foxcroft,* 7 Maine, 349; *Leonard* v. *Bryant,* 11 Met., 370;

*Downs* v. *Fuller*, 2 Met., 135; *Hawes* v. *Waltham*, 18 Pick., 454.

4th. The evidence as to the fraud of the plaintiff in taking judgment for too much was improperly excluded. *Sargent* v. *Salmond & al.*, 27 Maine, 539; *Valentine* v. *Farnsworth*, 21 Pick., 182; *Andrews* v. *Herring*, 5 Mass., 211; *Fairfield* v. *Baldwin*, 11 Pick., 396, 397; *Pierce* v. *Jackson*, 6 Mass., 243, 244; *Pierce* v. *Partridge*, 3 Met., 44; *Caswell* v. *Caswell*, 28 Maine, 237.

5th. The instructions as to damages were erroneous. The oxen were attached as the property of two tenants in common. One of them died pending the action, and judgment was taken against the other. There is no proof of partnership, no proof of joint indebtedness. Hence the damages could not, in any event, have exceeded the value of an undivided half of the oxen, at the time of the demand, being the interest of the judgment debtor.

*N. S. Littlefield*, for plaintiff.

The opinion of the Court was drawn up by

APPLETON, J. — The records of the Court show the proceedings in relation to a suit from its entry to its final termination. The statements therein contained must be regarded as true. They are not subject to explanation or contradiction *ab extra*. If facts are erroneously inserted in the record, upon sufficient proof, the Court may order their erasure. If material and existing facts, which should appear, are omitted in the narration of proceedings, the Court may order their insertion. The record is a narration of the proceedings in Court, and if, through neglect, mistake, or fraud, errors occur, upon the suggestion of others, or upon its own mere motion, the Court may rightfully order that it be so altered as to conform to the facts. When the record is once made up, it is conclusive upon all parties, until altered or set aside by a Court of competent jurisdiction. *Balch* v. *Shaw*, 7 Cush., 282.

The docket entries are minutes made during the progress

of a cause, from which the record is made up. They are regarded as the record of the Court until the record is extended. *Reed* v. *Sutton*, 2 Cush., 115. But the docket entries are not receivable to disprove or contradict what the record asserts. Neither the former minutes of the clerk nor the statements of others as to previously existing but now erased minutes, are to be received in contradiction of the extended record.

If the facts be as the defendant asserts, he should have moved the Court to order the record to be so amended as to conform thereto, and, upon proper proof, the Court would have ordered it done. It does not appear that any such motion was made or that the facts, as alleged, were proved to exist to the satisfaction of the Court, so that the Court, upon its own motion, should have ordered the amendment made. If the facts alleged were made to appear of record, then the defendant might well have invoked them in the defence.

The minutes upon the docket are erased. The clerk, by whom they were made and erased, has not been called to explain why made or erased. "Every entry is a statement of the act of the Court," says SHAW, C. J., in *Reed* v. *Sutton*, 2 Cush., 115, "and must be presumed to be made by its direction, either by a particular order for that entry, or by a general order, or by a general and recognized practice, which pre-supposes such an order. We must therefore presume the several entries on the docket under this action were made by the clerk by proper authority. Taking the abbreviated entry, for "continued out of the Commonwealth," the same evidence which proves the entry once rightfully made, proves the cancellation and revocation of it, and then it stands as if no such entry had been made." But the evidence of docket entries erased, however properly admissible with other proof, as the basis of an amendment of the record, cannot be received for the purpose of its contradiction.

In the case of *Leighton* v. *Reed*, 28 Maine, 87, it appeared of record that the action had been entered defaulted, and that execution had issued, and that, at the next term,

"on motion of the plaintiff, it was ordered by the Court, that the judgment and execution aforesaid be annulled and that the execution aforesaid be returned into the Clerk's office, and the action was, thereupon, brought forward" to that term. It was there held that the attachment was dissolved. But in the case at bar the record discloses no such facts. It is the usual record of an action which has been entered and continued from term to term and then defaulted.

If the facts be, as alleged by the counsel for the defendant, they should have been set forth in the record. No action should ever be brought forward without a saving of the just rights of third persons, and this can only be done by stating in the record the facts in reference to the default, the issuing of the execution, the bringing forward the action on motion, the taking off the default and the cancellation of the execution. When this is done, the rights of all receive the protection of the law.

It is urged in defence, that the judgment, *Willard* v. *McMullen,* was fraudulently rendered for too large a sum, and that such fraud is an excuse for the defendants' not keeping the property attached, and for not selling the same on the execution which issued in that suit.

The law is well settled that a creditor may impeach for fraud a judgment collusively and fraudulently rendered against the debtor. So too, the officer while representing creditors, may, by setting up fraud in a judgment, defeat the prior rights of the fraudulent creditor on such judgment. In *Clark* v. *Foxcroft,* 6 Greenl., 296, it was held in a suit against the sheriff for not levying an execution, that it was a good defence that the plaintiff's judgment was fraudulent, *the sheriff first proving that he represents a creditor of the judgment debtor,* by showing a legal precept in his hands. In *Fairfield* v. *Baldwin,* 12 Pick., 388, the right of an officer to invoke a subsequent attachment, to defeat a prior fraudulent judgment, was affirmed. In *Paine* v. *Jackson,* 6 Mass., 242, the sheriff being indemnified by a subsequent attaching creditor was permitted to defeat a prior judgment by proof of its fraud. Creditors, whose rights may be injuriously

affected by a fraudulent judgment, may impeach it, and they may do this through the intervention of the sheriff by whom their rights are represented.

The judgment recovered by the plaintiff against McMullen is binding upon the parties till reversed. Even if rendered for too large a sum, it is a valid judgment till its reversal. *Smith* v. *Keen*, 26 Maine, 411.

The sheriff, in the present case, holds the property attached, to be applied to the satisfaction of such judgment as the plaintiff may recover, or, if he fail in his suit, or neglect, if successful, to place his execution seasonably in the officer's hands, to be restored to the debtor. The debtor cannot collaterally contest the good faith of the judgment against him. Neither can he in the name of the sheriff. The creditors, if any there be, of the judgment debtor do not desire to. The sheriff is not a creditor nor the representative of creditors. The defendant shows no defence for not keeping the property attached to respond to the judgment rendered in the suit upon which the attachment was made. If there was a fraud upon the debtor, he has his appropriate remedy. But the officer cannot legally volunteer in the defence of his rights, or for his protection.

The rule as to damages was correct. The estimated value of the goods in the officer's receipt, and as stated in the return, must, in the absence of all contradictory proof, be deemed satisfactory evidence on this subject.

The attachment was not dissolved by the death of one of the defendants. *Bowman* v. *Stark*, 6 N. H., 459. The issuing of a commission of insolvency must be shown to dissolve an attachment, and of that no proof was offered. *Maxwell* v. *Pike*, 2 Greenl., 8 ; *Martin* v. *Abbott*, 1 Greenl., 333. Upon the motion for a new trial, upon the ground of newly discovered evidence, no proof has been offered.

*Exceptions and motion overruled.*

*Judgment on the verdict.*

TENNEY, C. J., GOODENOW, DAVIS and KENT, JJ., concurred.—CUTTING, J., concurred in the result.