# Woolfolk *et. al* v. Ingram.

*Supersedeas of Statutory Execution issued on Replevy Bond.*

1. *Replevy bond; what does not prevent issue of statutory execution.*—A statutory execution may issue against surety on a replevy bond for property attached, on failure to deliver it, after judgment in the attachment suit against the personal representative of the principal obligor dying pending suit.

2. *Same; death of defendant; how affects right to execution.*—In this State the death of the defendant in attachment, unless attended by the insolvency of his estate judicially ascertained, does not affect the lien on personal property, or the right to judgment on which process of execution may issue.

APPEAL from Circuit Court of Russell.
Tried before Hon. J. E. COBB.

In 1868 Ingram commenced suit by attachment against Chapman. A levy was made upon personal property, which was restored to him upon his executing a replevy bond with sureties, conditioned according to the statute. Chapman having died pending suit and before judgment, his executor, Mott, was made defendant on the 8th day of May 1871, and judgment rendered against him at the November term 1871, of the circuit court, upon which execution issued. Mott died January 5th 1873. On the 31st day of December, 1873, the sheriff returned the replevy bond forfeited, and thereupon the clerk issued execution against Mott, as executor, &c., and the sureties upon the bond, which was levied upon lands of two of the sureties. They petitioned the circuit judge, (Hon Littleberry Strange,) for *supersedeas* &c., which was granted and the writ issued accordingly. On the hearing the court dismissed the writ and petition, overruled a motion to quash the execution, and amended it by striking out the name of Mott; hence the appeal.

[Woolfolk *et al. v.* Ingram.]

LYMAN MARTIN, for appellant.

The sureties stand on their contract. They did not agree to be bound for the defaults of Chapman's executor, but only for the defaults of Chapman. Until a judgment against Chapman, "the principal obligor," the statute authorizes no execution against the sureties. This may be a *casus omissus,* but the statute makes no provision for it. Even courts of general jurisdiction, in dealing with such matters become *quo ad hoc* courts of limited jurisdiction, and a strict compliance with every requisite of the statute must be shown to uphold its jurisdiction.

ULYSSES LEWIS, *contra.*—The obligation of the obligors on the replevy bond is joint and several; each obligor is liable to pay *in toto.* Mott was not a party to the replevy bond, and the court properly struck out his name. 13 Ala. 282; 38 Ala. 142; 12 Ala. 562. The obligation of the bond is to return the property after judgment against it. The failure to return it by reason of the death of the defendant, is one of the very contingencies, intended to be provided against by the requirements of sureties on the bond. On the death of the principal obligor it becomes the duty of the sureties to deliver the property, and failure to do so, is a breach of the bond by them. The statute ought not to receive a construction which will defeat the purposes for which it was enacted.

BRICKELL, C. J.—The only question presented is whether a statutory execution may issue against the sureties on a replevy bond, for property attached, on a failure to deliver the property, after judgment in the attachment suit, against the personal representative of the principal obligor, he having died pending suit.

The statute authorizing the replevy of property attached, requires a bond executed by the defendant in attachment, or a stranger, payable to the plaintiff, in double the amount of the demand sued for, with condition that if he fail in the action, he or his sureties will return the specific property within thirty days after the judgment. If the property is not delivered, it is the duty of the sheriff, to return the bond forfeited, and execution issues thereon against the obligors for the amount of the judgment and costs.

If any of the property replevied, dies, or is destroyed without fault of the obligors, they may tender the value thereof, in discharge of the bond. R. C. §§ 2964-66-67. The lien of the attachment created by the levy is not im-

[Woolfolk *et al. v.* Ingram]

paired, or destroyed by the replevy. *Cary* v. *Gregg*, 3 Stew. 433; *McRea* v. *McLean*, 3 Port. 138; *Rives* v. *Wellborn*, 6 Ala. 46. Nothing occurring subsequent to the levy, can destroy it but the dissolution of the attachment. Drake on Att. §224

The seizure of personal property under legal process, transfers it to the custody of the law. The officer taking it, has the right of posession, and a special property in it for the purpose of protecting that possession. He may maintain, trespass, trover or detinue, against a wrong-doer, disturbing his possession. His possession must continue, until the property is disposed of according to the mandate of the process, or in obedience to the order of the court from which the process issues. If he leaves it in the possession of the defendant in the process, or of a stranger, they become his bailees, and he is answerable for its forthcoming. If he has possession, it is in obedience to the process, and the property is subject to the judgment of the court. When that judgment is rendered, it operates directly on the property. The death of the defendant in the process, if it does not operate its dissolution, does not withdraw the property from the custody of the law, or affect the officer's right of possession, or duty to keep it safely to answer the process. If the seizure is on mesne process, and the death produces an abatement, when a revivor is had against the proper party, the process is restored to the plight and condition in which it was when the abatement occurred.

The object of the statute authorizing the replevy of property attached, is its restoration to the possession of the defendant, so that until final judgment is rendered in the attachment suit, determining his liability, and the rights of the plaintiff, he may not be deprived of its use, nor subjected to the expense of its keeping pending suit, if judgment is rendered against him. The purpose is not to free the property from its liability to the attachment. The replevy converts the party making it, into a bailee of the property. His death does not absolve him from the obligation and duty of restoring the property, any more than it would if he was the mere receiptor or bailee of the sheriff. Of him surety is required for the performance of the obligation and duty of restoration, that no detriment may occur to the plaintiff, by the extension to him of the privilege of retaining possession, instead of requiring the officer to take and keep it. The sureties on the replevy bond assume equally with the principal obligor, the duty of restoring the property. To enable them to perform this duty, the law invests them with a

special property in the chattels replevied, which they may assert if there is any attempt at disposition, so as to prevent them from performing this duty. *Rives* v. *Wellborn, supra.* The condition of the bond is broken, if the property is not restored, unless the failure is caused by the act of God, or of the party plaintiff. *Falls* v. *Weissinger,* 11 Ala. 801; *Dunlap* v. *Clements,* 18 Ala. 778. On a breach of the condition, the statute confers on the plaintiff an unquestionable right to an execution against the obligors. 1 Brick. Dig. 163 § 133. The condition is broken when the plaintiff obtains judgment in the attachment suit, and the property is not restored. The death of the principal obligor, cannot lessen or impair the obligation of delivery, when the suit is prosecuted to judgment against his personal representative, on which a *venditioni exponas* for the sale of such property, or a writ of *fieri facias* which may be levied on it can issue. If the property had not been replevied, but had remained in the custody of the sheriff, there could be no doubt of its liability to either writ, and of the authority to sell. Notwithstanding the replevy, the liability of the property is not varied from that to which it would have been subject, if it had remained in the custody of the sheriff. Otherwise than to authorize the party replevying, to keep possession, and to relieve the sheriff from responsibility, if he takes good and sufficient surety, the replevy has no effect.

The right to an execution on the bond, if it is forfeited, is purely statutory. It is intended to make the judgment in the attachment suit effectual. While it must not be extended to bonds not conforming to the statute, nor to any other state of facts, than those declared in the statute, it must not by intendment or construction be narrowed and circumscribed, so that the purpose of the statute cannot be accomplished. The right depends on a judgment in the attachment suit, to answer which the property replevied is liable. When that judgment is rendered, the duty of delivery arises, and the failure to deliver, entitles the plaintiff to an execution against the living obligors, so that the judgment may be made as effectual, as it would have been, if they had not by the bond withdrawn the property from the custody of the law. The sureties have notice of the attachment suit—they are *quasi* parties to it. They must take notice of its progress and termination; and the measure of their liability, if the property is not delivered, is the amount of the judgment therein rendered against their principal. All personal actions which may be commenced by attachment, or in which an auxiliary attachment may issue, except for injuries to the

[Woolfolk *et al* v. Ingram.]

person or reputation, survive for and against the respective parties. R. C. § 2555. Suits against joint obligors do not abate by the death of either, but may be revived against the personal representative of the one dying, and be continued against the survivors and such representative, and in such suit, so revived, several judgments may be rendered against the survivors and personal representatives. R. C. § §2546-47. All joint promises or covenants, in writing, are construed as joint and several in obligation. R. C. § 2539. The death of no one of the obligors has any effect upon the obligation of the contract, or of the rights and remedies of the promisees or covenantees. The liability of the obligors, in a replevy bond, the obligation they assume, is to be deduced from, and measured by these statutory provisions. They enter into the bond, with full knowledge, that if their principal should die, pending the attachment suit, it is capable of revivor, and prosecution to final judgment against his personal representative. They cannot affirm that it was a judgment against the principal only they covenanted to be bound by and to answer. To suppose such is the character and extent of their liability, does not comport with the statutory provisions, intended to preserve the rights, and advance the remedies of parties with whom contracts in writing are made. It is the judgment in the attachment suit, operating on the property, they have withdrawn from the custody of the law, to which they must answer, either by a restoration of the property, or by satisfaction. The right of the plaintiff is as full and complete, when the judgment is rendered against the personal representative, as if it had been rendered against the defendant while living. Under the statute a stranger may replevy the property attached; it would scarcely be insisted that his death pending the suit, would deprive the plaintiff of the right to a statutory execution against the surviving obligors in the replevy bond, on a failure to perform its condition. Yet, it could be said they stipulated for his performance, not for the performance of the personal representative succeeding to his possession of the property. The obligation of the replevy bond, is for the restoration of the property to answer the judgment operating on the property rendered in the attachment suit. Death may work changes in parties to the suit, but it does not dissolve the attachment, or impair its lien, or cast on those replevying the property, the duty of surrendering it to another having paramount claim. The purpose of the statute in authorizing the issue of execution against the obligors in the replevy bond, on breach of its condition, was to render effectual the

[*Ex parte* Grant & O'Barr.]

judgment in the attachment suit. Its construction must advance, not defeat this purpose. Though the statute in general terms declared the execution must issue against the obligors, when it is read in the light of the statutes authorizing a revivor of suits, declaring the effect of such bonds, and that their obligation is joint and several, and that suits on them may be continued against the representative of one dying, and the survivors, and several judgments rendered, it is not departing from the letter of the statute, or indulging a liberal construction, to hold that the execution may issue against the living obligors—that the death of no one impairs the right of execution against the survivors. While statutes authorizing summary remedies of this character are strictly construed, the construction must not exclude cases, within the legitimate meaning of the words, and the spirit of the statute. *Roberts* v. *Nations,* 20 Ala. 544.

We are aware that in some of our sister States the course of decision, is, that the death of a defendant in attachment, operates its dissolution. Drake on Att. § 433-34. Whether such is the result, is dependent upon the statutes regulating the process. In this State, the death of the defendant, unless attended by the insolvency of his estate, judicially ascertained, does not affect the lien on personal property, or the right to judgment on which process of execution may issue. *Hale* v. *Cummings,* 3 Ala. 398; *Lamar* v. *Gunter,* 39 Ala. 324; *McEachin* v. *Reid,* 40 Ala. 410. It is the insolvency which takes away the right to execution, and transmits to the court of probate exclusive jurisdiction to marshal and distribute the assets of the decedent, and of the debts, and claims chargeable on the assets. *Maxwell* v. *Pike,* 2 Green. 8; *Willard* v. *Whitney,* 49 Me. 235; *Miller* v. *Williams,* 30 Verm. 386.

The judgment of the circuit court dissolving the supersedeas, and refusing to quash the execution, is affirmed.