M. T. LEACH v. S. H. FLEMMING.

*Notes and Bonds.*

An obligor in a bond pledged himself to be responsible for the payment of a note, setting out in said bond the names of the payer and payee,

the amount and date of the note and for what it was given, when due and payable and the rate of interest; *Held* (upon demurrer that no obligee is named), the payee is pointed out with sufficient certainty as the obligee with whom the contract is made.

(*Phelps* v. *Call*, 7 Ired., 262; *Green* v. *Thornton*, 4 Jones, 230; *Shewel*[1] v. *Knox*, 1 Dev., 404, cited, distinguished and approved.)

CIVIL ACTION tried at Fall Term, 1880, of WAKE Superior Court, before *Graves, J.*

The case was tried upon complaint and demurrer. The demurrer was overruled and the defendant appealed.

*Messrs. Reade, Busbee & Busbee*, for plaintiff.
*Mr. Walter Clark*, for defendant.

SMITH, C. J. On the 8th day of July, 1873, J. P. Hyams and C. A. Dale in payment of a stock of goods bought by the former from C. F. McKesson, executed to him their promissory note in the sum of $760, payable at nine months with interest from date, and it was accepted on condition that the debt was to be further secured by the defendant. Accordingly a few days thereafter the defendant entered into the following covenant, executed at Marion, N. C., on July 12, 1873:

Whereas John Hyams and Augustus Dale (meaning said C. A. Dale) have purchased of C. F. McKesson a lot of goods, *i. e.*, merchandise amounting to seven hundred and sixty dollars, and have executed their note for the same, dated July 8th, 1873, and payable in nine months after date at six per cent. interest. Now if the said Hyams and Dale fail to pay said note (amounting to $760) at maturity, I pledge myself to be responsible for the same. Given under my hand and seal this 12th day of July, 1873. (Signed S. H. Flemming).

In or about the month of September following, the payee, McKesson, becoming indebted to the partnership firms of

Leach Bros. and A. G. Lee & Co., to the former in the sum of $185.27, and to the latter in the sum of $131.06, assigned by parol, and delivered to the plaintiff the said promissory note and covenant obligation in trust to provide for and secure the sums owing by him. Several payments have been made on the note, reducing the amount still due to $335 with interest from July 10th, 1875. All proper diligence has been employed to collect the balance of the indebtedness from the makers of the note and without success, they possessing no property in excess of the exemptions allowed by law. Of this failure notice was given to the defendant and payment demanded in August, 1876.

This is the case made in the complaint to which the defendant demurs and assigns as the grounds thereof:

1. That no obligee is named in the covenant.

2. The covenant obligation is not assignable.

3. There is no consideration for it.

4. The facts alleged discharge the defendant.

5. McKesson is a necessary party to the action.

The last assigned cause of demurrer has been removed by an amendment making the payee a co-plaintiff in the action.

The first and principal objection directed against the validity of the bond, is the alleged absence of the name of an obligee. The obligation assumed by the defendant is that he will be responsible for the amount due on the note, identifying it by an accurate description of its terms, "if the said Hyams and Dale (the debtors) fail to pay said note (amounting to $760) at maturity." With whom does he covenant when he says, "I pledge myself to be responsible for the same?" Of course it is with the person to whom the note to be paid is payable. McKesson is the designated creditor to whom the money is due, and he is as distinctly pointed out by the reference to the note wherein he is payee,

29

as if his name had followed the words quoted, upon the maxim *id certum est quod certum reddi potest.*

Suppose instead of a separate instrument reciting the provisions of the guaranteed note, the defendant had endorsed upon the note the words, " I guaranty the within," would there be any difficulty in enforcing the liability for any uncertainty either as to the person with whom, or the sum for which, the contract is made? The reference in each case incorporates the provisions of the secured note with the undertaking, and makes them one whole contract. A guaranty is but a subsidiary and collateral assumption of another precedent, or contemporary obligation, and is annexed to and becomes part of it, when sufficiently described for identification, as much as if written upon the obligation itself. If in such case parol evidence were admissible, as it is not to aid a defective description, it is furnished in the agreement at the time of the execution of the note, that this very additional security for the debt should be given.

We are not without authority in sustaining the bond in suit as a valid and enforcible obligation. In *Langdon* v. *Goode*, 3 Lev., 21, the bond declared on was this: " I, Phillip Goode, do stand bound (not saying to whom) in the sum of 16 pounds, and is to be paid to the said John Gaines, the elder's executors, for which payment to be made, I bind myself, my heirs and executors," (not saying to whom) &c. On demurrer the bond was held good. In a case almost identical and upon the same exception to the insufficient designation of the obligee, judgment was given for the plaintiff, the court saying that " an obligation cannot be made to executors in the life-time of the testator, because he cannot have an executor in his life-time. And this obligation was sealed and delivered to the testator, and it shall not be void if by any means it can be made good." *Lambert* v. *Branthwaite*, 2 Strange, 945.

Our attention was directed to several cases in the argu-

ment in support of the demurrer, to one of which as most directly bearing on the point do we deem it necessary to advert—*Phelps* v. *Call*, 7 Ired., 262. In this case the defendant executed a forthcoming bond in which are these words. In this case the defendant executed an instrument not under seal in which the intended obligatory words are: "I, the undersigned, bind myself in a bond of ninety dollars for the forthcoming of a wagon in the possession of Samuel Drake, executed and levied on as the property of A. Sheets, deputised, to the use of A. Taylor." A. Sheets was the officer deputised by a magistrate to act under the execution. The court say the paper writing "is not a bond; it is payable to no one. It is of the essence of a bond to have an obligee as well as an obligor; it must show upon its face to whom it is payable." The decision does not at all conflict with the views we have expressed, the manifest distinction being that while the one instrument does not, in direct terms or by reference to another writing, point out the obligee, and this imperfection is not removable by parol proof, the other does designate the obligee with whom the contract is made with sufficient certainty, and who can enforce the payment of the note as well as the performance of the subsidiary undertaking of the defendant.

2. If the note was assignable, so must be the accompanying security as incident thereto. Besides the point does not arise as the obligee is a co-plaintiff.

3. The absence of a consideration does not affect the obligation incurred by a sealed written instrument, and if it did the transfer of the note was to be followed by the defendant's guaranty, as part of the same transaction. *Green* v. *Thornton*, 4 Jones, 230.

4. The facts set out in the complaint do not show such laches as exonorates the defendant from liability; on the contrary, the plaintiff avers that the guarantee or his assignee "made all due exertions to collect the amount due

from Hyams and Dale, and used all *possible diligence,* but was unable to do so because neither of them at any time since the maturity of the said note, as plaintiff is informed and believes, was worth above the exemptions by law."

· There is no statement from which it can be inferred that damage has resulted from delay, or that any efforts to make the money out of the principal debtors which they still owe would have been successful. *Shewell* v. *Knox*, 1 Dev., 404.

The demurrer must, therefore, be overruled, and this will be certified.

No error.                                                   Affirmed.