State v. Wood.

STATE v. WOOD.

51    205
80    309
82    412

1. COUNTY TREASURER: *Informality in bond of; Action against.*
     The bond of a county treasurer by the terms of which he and his sureties
   bind themselves that he shall truly account for and pay over all moneys
   which may come to his hands by virtue of his office is valid, although it

names no obligee; and under sec. 1067, Mansfield's Digest, the State may bring an action on such bond for the use of the county to replace money never legally drawn from the treasury and for the amount of which the treasurer is a defaulter.

2. SAME: *Breach of Bond.*

The failure of a county treasurer to bring public funds received by him, and not expended, into court to be counted, under an order of the county court made at a regular settlement of his accounts, is a breach of his official bond, and such failure cannot be excused by showing that the money was lost through the insolvency of a bank in which he had deposited it.

3. SAME: *Same: Measure of damages.*

In an action to recover for the breach of a county treasurer's bond, committed by a failure to keep the public funds to be paid to those entitled thereto, the adjustment of his accounts by the county court, at a regular annual settlement, concludes further inquiry as to the state of such accounts, and the amount thus ascertained to be due with legal interest from the date of the settlement is the measure of damages.

APPEAL from *Benton* Circuit Court in Chancery.

J. M. PITTMAN, Judge.

This was a suit in equity brought by the State for the use of Benton county against T. H. Wood and the sureties on his bond as treasurer of that county. The object of the suit was to reform the bond and recover damages for a breach thereof. The informality in the bond consisted in its failure to specify any obligee. In other respects it was substantially in the form required by the statute. The complaint alleged that Wood wrote it and through fraud, accident or mistake omitted to name the obligee. The breach complained of was that the county court having found that Wood, since filing the bond, had received certain sums of money and scrip belonging to the county and to the school districts of the county, which had not been expended, required him to bring them into court to be counted and that he failed to do so and also failed to pay over said sums to the county and districts. The defendants demurred to the complaint and also

answered it.   The answer contains (1) a denial of the allegation made in the complaint that the failure to name any obligee in the bond was the result of fraud, accident or mistake, and insists that the omission renders the bond void; (2). an averment that no demand had ever been made upon Wood or his sureties for the payment of the sums sued for, and that his only default was in failing to bring the moneys into the county court to be counted; (3) that there was no memorandum in writing of the agreement alleged in the complaint to insert the name of the State in said bond.

The cause was heard on the pleadings and evidence and the court sustained the demurrer and. dismissed the complaint for want of equity.   The plaintiff appealed.

*J. Frank Wilson* and *E. P. Watson*, for appellant.

1.   This being a bill to reform a bond for mistake and involving a complicated account running over a period of several years and a great many school districts being involved, was properly brought in chancery.   48 Ark., 426.

2.   The fact that there was no obligee in the bond did not invalidate it.   Mansfield's Digest, sec. 5303; *Gray v. Rhump*, 2 Hill (S. C.) Chy.; 95 Ill.; 2 Bradwell, 332; 31 Iowa, 272; 15 La. Ann, 551; 53 Me., 89; 31 Ind., 26; 23 Mich., 457; 23 Minn., 551; *Houghtaburg v. Brock*, 44 Mich.; 45 Mich., 79; 76 Ill., 383; 22 Mich., 461; *State v. Lafayette Co.*, 75 Mo.; *State v. O'Gorman*, Ib., 77 Mo., 647; 85 Ill., 495.

3.   The breach occurred when he failed to produce the funds when ordered by the county court.   16 Bradwell, 49; 78 Ill., 394; 77 Mo., 647; 75 Mo., 370; 76 Ill., 383.

4.   A court of equity once obtaining jurisdiction will

pursue the matter to a conclusion.    Pom. Eq., 491; 2 Johns. Chy., 592; 2 Sumn., 487.

*L. H. McGill*, for appellees.

1.   A county treasurer must enter into *bond* to the State. Mansfield's Digest, sec. 1187.   A bond without an obligee is void.   1 Bouvier L. D. "Bond;" 5 Com. Dig., "Obligation," (a) 191; 1 Wait. Ac. and D., 873; 4 Ark. 141; 5 Id., 525; 40 Id., 58; 23 Gratt., 600; 12 Am. L. Reg., 699 and notes; 7 Ire. Law, 262; 41 Cal., 85; 24 N. Y., 330; 2 Brock, 64; 2 Wall., 24; 21 Wall., 272; 59 Tex., 207; Murfree Off. Bonds, secs. 35, 430, 431, 65.   See also 7 Neb. 5; 70 Mo., 228.

2.   The evidence does not show any breach of the bond. The only evidence is the record of the county court's settlement with Wood, which shows a sufficient excuse for not bringing the funds into court to be counted.   There was no breach until he was ordered by the county court to pay over the money to his successor in office, or on warrants properly drawn, and he failed or refused to do so.    See Mansfield's Digest, secs. 1199, 1747, 1785, 1200; 35 Ark., 177; 39 Id., 172.

COCKRILL, C. J.

It is argued with great earnestness that the treasurer's bond which is the foundation of the suit is void, upon the ground that it names no obligee.   The fallacy lies in the assumption that the obligation has not been assumed to any one.

A bond is construed like any other contract or instrument of writing—it is enough that the intent plainly appears, though it be not fully and particularly expressed.   *Partridge v. Jones*, 38 Ohio St., 374.   "If there ever was a time," says the court in the case cited, quoting from another case, "when

State v. Wood.

the court listened to trivial verbal inaccuracies in contracts when the real meaning and intention of the parties was plain, that time has gone by, and the only object of the courts is, that when the meaning and intention of the parties are perfectly plain, no grammatical inaccuracy or want of the most appropriate words, shall render the instrument unavailing.''

It was never regarded as necessary that the obligee in a bond should be specified *eo nomine*. It was enough if he was so designated that he might be certainly ascertained. *Preston v. Hall*, 12 Am. Law Reg. and note; *Fellows v. Gilman*, 4 Wend., 419. It needs no statute to enable an officer to give a valid bond for the faithful payment of money that may come to his hands, and, if we regard the bond in suit as a common law obligation without looking for aid to the statute which the parties undertook to follow in drafting it, it will be seen that the fair import of the language used is that the bond was intended for the benefit of all whom it might concern, that is, any one who should be injured by the treasurer's official delinquency. It stipulates, among other things, that the treasurer shall truly account for and pay over all moneys coming to his hands by virtue of his office, and the principal and sureties by the terms of the bond bound themselves to the faithful discharge of this duty. The obvious intention of this was to protect and give indemnity to all persons who might be damnified by the officer's neglect legally to keep and pay out the public funds. That is the primary object of all such bonds. *Huffman v. Kopplekom*, 8 Neb., 347; *Crook Co. v. Bushnell*, 13 Pac. Rep., 886. The condition which shows the design of the bond is the important requirement in such an undertaking, and when that is properly framed, as it is conceded it was in this instance, '' the naming of an obligee is,'' as Judge Cooley expressed

Vol. LI.—14

it in delivering the judgment for the supreme court of Michigan, " the merest formality possible, so that if the instrument omitted to name one, * * * the substance of the undertaking would remain." *Bay County v. Brock*, 44 Mich., 45. The substance remaining, how can the bond be void for informality?

A bond upon the condition that an officer should make amends to every person who should be injured by his breach of official duty, was enforceable at the suit of any one who was damaged by his official default, when the rules of procedure required that only the party in whom the contract vested the legal interest could maintain an action on it. *Fellows v. Gilman*, 4 Wend., *supra*. The reason is stronger for its enforcement, since the change of procedure enables the party for whose benefit the contract was primarily executed to sue in his own name. *Hunnicutt v. Kirkpatrick*, 39 Ark., 172; *Hecht v. Caughron*, 46 Ib., 132. And it is immaterial in such cases that the party beneficially interested is not mentioned in the instrument, but is undisclosed or unknown. Pomeroy on Rem., etc., sec. 177. There remains then, not even a technical objection to the enforcement of the bond in suit. The question for the circuit court was simply, who should be permitted to stand as plaintiff in the action, the State not being the party in whose name the contract was executed, nor the party in interest? The statute contemplates that the State shall stand as trustee for the parties who have the beneficial interest in such cases, as is evidenced by the requirement to execute the bond to her. Mansfield's Digest, sec. 1187. This is not required as a matter of substance, but only as a part of the machinery of convenient administration, and it would impose no new condition upon the obligors to presume that it entered into their contract that the bond

*Action on bond.*

State v. Wood.

should be enforced in the usual way.　*County v. Bunberry*, 45 Mich., 79.

But aside from this consideration another provision of the statute allows the State to become the plaintiff for the use of a county where the latter has a demand to be enforced. Mansfield's Digest, sec. 1067. The object of the present suit is to replace in the county treasury money which has never been legally drawn therefrom. The defaulting treasurer was still in office when this suit was instituted, and the county or the State in its behalf was the proper party to move in the matter. *Hunnicutt v. Kirkpatrick*, 39 Ark., *sup.; Pettigrew v. Washington County*, 43 Ib., 33. Moreover no objection was taken in the lower court to the State's capacity to sue, and none can be heeded now. *Pettigrew v. Washington County*, *supra*.

It is argued that no breach of the bond is shown.

At a regular annual settlement the county court audited the treasurer's accounts, and upon counting the money brought into court by him, found that he was in default. His excuse for not bringing the other funds into court as he was required by law to do, was that the money had been lost by the failure of a local bank in which he had deposited it. The court refused, as it should have done, to allow him credit for the amount thus lost, but charged him with the full amount. These facts are made to appear from the county court's order of settlement. They show a failure to keep the public funds to be paid to those entitled to receive them. That was a breach of the bond. *Croft v. State*, 24 Ark., 550. The money was lost to the county, and the measure of damages was the amount found due by the county court with legal interest from the date of auditing the account. That settlement concluded any further inquiry into the state of the

2. SAME: Breach of bond.

3. SAME: Measure of damages.

officer's accounts. *Hunnicutt v. Kirkpatrick, sup.; Jones v. State*, 14 Ark., 170; *Wycough v. State*, 50 Ib., 102; *George v. Elms*, 46 Ib., 260.

No issue was made against the recovery, except upon the points first mentioned; these were technical and formal rather than substantial. No objection was made upon the right to proceed in equity, and as the facts are undisputed and show a cause of action in the plaintiff, judgment should have been rendered accordingly. *Freed v. Brown*, 41 Ark., 495; *Smith v. Hollis*, 46 Ib., 17.

The judgment of the circuit court is reversed and judgment will be entered here in accordance with this opinion. It is so ordered.