# Cobb *v.* Thompson.

*Certiorari and Supersedeas on Justice's Judgment.*

1. *Replevy (or forthcoming) bond in attachment case, before justice of the peace.*—In an attachment case before a justice of the peace, a replevy bond conditioned to have the property forthcoming within *twenty* days after the rendition of judgment, is substantially defective as a statutory bond (Code. §§ 3334–41), and does not authorize a summary execution on a return of forfeiture; and the defect being one of substance, it is not cured by the statutory provision as to defects of form (*Ib.* § 3357).

2. *Certiorari and supersedeas to justice of the peace; when proper remedy.*—When a forthcoming bond in an attachment case, before a justice of the peace, is illegally returned by the constable as forfeited, and a summary execution is thereupon wrongfully issued against the obligors, a petition for a *certiorari* and *supersedeas* from the Circuit Court is the proper remedy, since the defects would not be available on appeal from the justice's judgment.

[Cobb v. Thompson.]

APPEAL from the City Court of Anniston.

Tried before the Hon. W. F. JOHNSTON.

The record in this case shows these facts: On the 28th October, 1887, an attachment for rent was sued out before a justice of the peace, in favor of Mrs. C. A. Thompson against Percy Olmstead, and was levied on certain articles of household furniture, on which several executions had already been levied, one in favor of R. W. Miller, and the others in favor of E. J. Cobb; and said Cobb and Miller thereupon signed, as sureties for said Olmstead, a replevy bond conditioned for the forthcoming of the property within twenty days after the rendition of judgment in the attachment case, which bond was approved by the justice who issued the attachment. In the attachment suit, judgment was rendered for the plaintiff on the 15th November, 1887, and the attached property was ordered to be sold for the satisfaction of the judgment. On the 12th December, 1887, the constable returned the replevy bond forfeited; and on the next day the justice issued a summary execution on the bond, against all the obligors. On the 29th December, 1887, Cobb and Miller, the sureties on the bond, filed their petition, addressed to Hon. JOHN P. HUBBARD, presiding judge of the Circuit Court at Montgomery, asking a *supersedeas* of the execution, and a *certiorari* to the justice of the peace, to remove the proceedings into the Circuit Court. Judge Hubbard granted a *fiat* for a *certiorari* generally, and under it the proceedings were certified to the Circuit Court; but, by agreement, the case was afterwards transferred to the City Court of Anniston. On the trial in that court, as the judgment-entry recites, "the plaintiff demurred to the petition for the writ of *certiorari*, and moved to dismiss the *certiorari*," which motion and demurrer were overruled by the court; "and issue being then joined, and the case submitted to the court without a jury, it is considered that the plaintiff is entitled to recover; and that the said C. A. Thompson have and recover of the said defendants, E. J. Cobb and R. W. Miller, the sum of $106.89, with the costs in this behalf expended." This judgment is now assigned as error by Cobb and Miller. There is no bill of exceptions in the record.

MACDONALD & WILLIAMS, for appellants.

CASSADY & BLACKWELL, *contra*.

[Cobb v. Thompson.]

SOMERVILLE, J.—The purpose of the petition is to supersede an execution summarily issued on a replevy or forthcoming bond executed by a defendant and his sureties, in an attachment proceeding before a justice of the peace, and returned by a constable as forfeited.—Code, 1886, §§ 3334–3341. The bond bore date October 28th, 1887, and was declared forfeited December 12th, 1887, on the ground that the replevied property had not been returned to the constable according to the condition of the bond.

If the undertaking is not a statutory bond—that is, if it does not substantially conform to the requirements of the statute—and its defects are not cured under the provisions of section 3357 of the present Code, the summary remedies given by the statute for the enforcement of its obligations will not lie. The instrument will be good only as a common-law bond, and must be sued on as such.

A fatal defect in the undertaking, so far as concerns its conformity to the statute, is the *time* when the replevied property is to be returned to the constable, which is not only material, but of substance, and not mere form. The Code provides, where personal property, levied on under a writ of *attachment* issuing from a justice's court, is replevied, it "must be delivered to the constable within *ten days* after judgment against the defendant, unless an appeal is prosecuted from the judgment; and on failure thereof, the constable must indorse the bond forfeited, upon which execution must issue against the obligors therein."—Code, 1886, § 3341. Where the levy is under *execution*, the condition of the bond is, "to have the property forthcoming at twelve o'clock of the day, and at the place appointed for *the sale*." Code, § 3354. The present case involves a levy under attachment, not execution. The condition of the delivery bond should, therefore, have been to deliver the attached property to the constable, within *ten days* after judgment against the defendant in attachment, unless an appeal should be prosecuted from the justice's judgment.

The bond in the present case binds the obligors to return the attached property to the constable within *twenty* days after judgment in the attachment suit. This is a material variance from the time fixed by the statute, which, as we have seen, is ten days. It is settled by the authorities, that a forthcoming bond, which provides for the delivery of property on a day different from the day prescribed by law, is not good as a statutory bond, but only as a common-law

[Cobb v. Thompson.]

bond, and it can not be declared forfeited summarily by sheriffs or constables, as only statutory bonds can be.—Murfree on Official Bonds, § 384; *Adler v. Green*, 18 West Va. 201; *Irvin v. Eldridge*, 1 Wash. (Va.) 203; 1 Wade on Attach. §§ 195–197. The power to render such summary judgments, which involves a waiver of the right of trial by jury on the part of the obligors, is based on the contract of the parties that they will submit to such a remedy, provided the undertaking conforms to the statutory requirements. If it does not, they have the right to assume that the implied agreement is that it will be enforced only by the ordinary common-law remedies, and not by those summarily conferred by statute, and affixed only to statutory undertakings.

This defect is not, in our opinion, cured by section 3357 of the Code. While that section would seem to authorize a forthcoming bond to be approved by either a justice or constable, and might, therefore, operate to cure any defective approval of the undertaking, which more regularly should have been taken and approved by the officer making the levy, it goes no further than to cure defects of form, and not of substance. The defect of time here is clearly one of substance.

That a proceeding by *certiorari* or *supersedeas* is the appropriate remedy to quash a summary execution, issued on a forthcoming bond, illegally returned by a sheriff or constable as forfeited, is well settled.—*Rhodes v. Smith*, 66 Ala. 174; 3 Brick. Dig. 755, §§ 1-13; *Gravett v. Malone*, 54 Ala. 19; *Dunlap v. Clements*, 18 Ala. 778; 2 Brick. Dig. 465, §§ 1-33; *Crenshaw v. Hardy*, 3 Ala. 653. An appeal from the justice's judgment, on his refusal to quash the execution, would clearly furnish no adequate remedy. The trial in the Circuit Court would be *de novo*, on the merits of the whole case, and would not reach any alleged defect in the forthcoming bond, or determine its character as a statutory or common-law undertaking.

The City Court erred in refusing to quash the execution against the appellants. The judgment is reversed, and the cause remanded, that the execution issuing on the bond may be quashed and vacated according to the prayer of the petition.

Reversed and remanded.