# Olmstead *v.* Thompson.

*Action for Breach of Irregular Forthcoming Bond.*

| 91  | 127 |
|-----|-----|
| 105 | 613 |

| 91  | 127 |
|-----|-----|
| 129 | 347 |

1. *Forthcoming (or replevy) bond in attachment case; indorsement of forfeiture as evidence.*—A forthcoming (or replevy) bond in an attachment case before a justice of the peace, conditioned to have the property forthcoming within *twenty* days after the rendition of judgment, not being a statutory bond (Code, §§ 3334-41), the constable's indorsement of forfeiture "is no more than the *ex-parte,* unsworn, and unofficial statement of a private person;" and is not admissible as evidence, in an action on the bond, to show a breach of the condition.

2. *Waiver of objection to evidence.*—Objections to the competency of evidence, raised in this court for the first time, can not avail the appellant, either for the purpose of putting the lower court in error in admitting it, or for the purpose of having this court exclude it in passing on the sufficiency of the evidence to sustain the judgment.

3. *Assignments of error not insisted on in brief or argument,* though declared not to be waived, will not be considered by the court, unless the question of jurisdiction is involved.

APPEAL from the City Court of Anniston.

Tried before Hon. J. A. W. SMITH, as special judge.

This action was brought by C. A. Thompson against Percy Olmstead and others; was commenced on the 12th September, 1889, and was founded on a penal bond executed by the defendants, the condition of which was in these words: "*Whereas* a writ of attachment, issued by S. B. Brewer, a justice of the peace in and for Calhoun county, Alabama, at the suit of C. A. Thompson, against the estate of the above bound Percy Olmstead, returnable to the November term of said justice's court, for the sum of $99, has been placed in the hands of W. P. Downing, constable of said county, and has been levied upon the following property," describing it; "*and whereas* the said property has been delivered to said Percy Olmstead and Mina Olmstead, on their entering into this bond: Now, if said defendant shall fail in said action, [and] if he or his sureties shall return the specific property attached and above mentioned, to said W. P. Downing, constable, within *twenty* days after judgment in said suit, then this obligation is to be void," &c. The complaint set out the condition of the bond, and alleged as breaches thereof, (1) that Percy Olmstead failed in his said action, and he and his sureties failed to return the property to the constable within twenty days after the rendition of judgment in said suit; (2) that plaintiff recovered

[Olmstead v. Thompson.]

a judgment in said action against Percy Olmstead, on the 15th November, 1887, for $96.30, besides costs; that the obligors failed to restore the property to the constable, within twenty days after said judgment, and that plaintiff has thereby been unable to collect said judgment.

The defendants demurred to the complaint, but the court overruled their demurrer; and they then filed a special plea, alleging that plaintiff had attempted to enforce statutory proceedings on the bond as forfeited, which proceedings had been superseded and quashed, and pleading that judgment in bar of this suit. The court struck this plea from the files, on motion, and the defendants then pleaded "the general issue, in short by consent;" on which plea issue was joined and a trial had, a jury being waived. On the trial, as the bill of exceptions shows, "the plaintiff introduced the bond sued on, which is in the following words;" and the bond is then set out, with the constable's indorsement thereon, dated December 12th, 1887, in these words: "The property mentioned in this bond not having been returned to me, as required therein, I hereby return it forfeited." The plaintiff then proved the value of the property, and its seizure under the writ of attachment; also, "that judgment in said attachment suit had been rendered against said Percy Olmstead, for $96, besides $7.85 costs, and condemning said property to the satisfaction thereof, and that said judgment and costs had not been paid. To the admission of all the evidence as to the costs of said attachment suit, as a liability against the sureties on said bond, said sureties objected; which objection being overruled by the court, the defendants duly excepted." The defendants then offered to prove by said Percy Olmstead, as relevant to the question of the value of the property, what mortgages and other liens were on it, and that they were still unsatisfied; and they excepted to the exclusion of this evidence. This being all the evidence, the court rendered judgment for the plaintiff, and the defendants excepted.

The rulings on the pleadings and evidence, and the judgment rendered, are now assigned as error.

GORDON MACDONALD, for appellants.—Not waiving any of the assignments of error, the appellants insist that the last assignment is decisive of the case; that the judgment can not be sustained, because there was no evidence of a breach of the condition of the bond, which was the *gravamen* of the action. The bond was not a statutory bond (*Cobb v. Thompson,* 87 Ala. 381), and was therefore sued on as a common-law bond. If the indorsement of forfeiture was competent evi-

dence, which is denied, the bill of exceptions does not show that it was even offered in evidence. The recital is, that the plaintiff "introduced the bond sued on;" but the unauthorized indorsement was not part of the bond. Not having been offered in evidence, of course it was not objected to; and without it there was no proof of a breach of the bond.

BLACKWELL & KEITH, contra, cited *Booth v. Comegys,* Minor, 201; Abbott's Trial Evidence, 514, § 22; *Adler v. Potter,* 57 Ala. 571.

McCLELLAN, J.—The bond sued on in this case not being a good statutory undertaking (*Cobb v. Thompson,* 87 Ala. 381), the indorsement on the back of it purporting to have been made by the constable, to whom, by its terms, the property was to be returned, to the effect that the property had not been returned to him as required by the bond, and that the same was returned forfeited, is no more than the *ex-parte,* unsworn, and unofficial statement of a private person, wholly inadmissible as evidence of the fact that the condition of the bond had been broken by a failure to re-deliver the property, if objection had been made to it. But we gather from the bill of exceptions that this indorsement was offered and read in evidence as a part of the bond, without objection. The parties thus treated it as competent evidence of the fact it sets forth, and thereby invested it with probative force which, but for its being mutually taken and considered as evidence, it would not have had. Objections to its competency, now for the first time presented, will not avail the appellant, "either for the purpose of putting the lower court in error in admitting it, or for the purpose of having this court exclude it in passing upon the sufficiency of the proof to support the" judgment. *Rice v. Tobias,* 89 Ala. 214; *Glennon v. Mittenight,* 87 Ala. 455; *Seals v. Robinson,* 75 Ala. 363; *Binford v. Dement,* 72 Ala. 491; *Perry & Hale Counties v. R. R. Co.,* 65 Ala. 391.

This evidence tended to show that the property had not been re-delivered according to the condition of the bond. There was absolutely no fact or circumstance adduced in evidence which went to rebut this tendency, but, on the contrary, it, perhaps, receives a shade of corroboration from the established fact, that no part of the debt or cost for which judgment was entered in the suit in which the property was attached had been paid; and in any view, every other fact proved is in perfect harmony with the conclusion to which it

9

[Olmstead v. Thompson.]

points. Our opinion is, that it was sufficient proof of the breach of the bond to support the judgment.

The other assignments of error are not insisted on in the argument of counsel. It is, and has long been, the practice of this court, not to consider assignments which are unsupported by brief or argument, at least, in all cases where, as here, any brief is filed, or argument is made at the bar, unless the matter assigned involves the jurisdiction of the trial court.—3 Brick. Dig., p. 40, § 125.

We avail ourselves of this practice, however, only to the extent of not enlarging upon the other points presented by the assignments. We have considered them, and find them without merit.—*Adler v. Potter*, 57 Ala. 571.

The judgment is affirmed.