(77 South. 28)

GAUT et al. v. BEATTY. (6 Div. 635.)

(Supreme Court of Alabama. Nov. 15, 1917.)

ATTACHMENT &#9901;&#8658;335—REPLEVY BOND—VALIDITY.

Under Code 1907, § 2955, requiring the bond for replevy of attached goods to be conditioned for return of specific property within 30 days after judgment, a bond requiring delivery 60 days after its issuance was not good as a statutory bond, and cannot be declared forfeited summarily by the sheriff, but can be enforced only by action.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by E. T. Beatty, wherein A. D. Gaut and others became defendant's sureties on replevy bond. Judgment for plaintiff, and

---

&#9901;&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the sureties petitioned for supersedeas, which was denied, and they appeal. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Reversed and remanded.

R. L. Blanton, of Haleyville, for appellants. Carmichael & Wynn, of Birmingham, for appellee.

SAYRE, J. The appellants should have had relief on their motion for a supersedeas. Appellants, as sureties for the defendant in an attachment suit, executed a replevy bond. Judgment went against the defendant, and appellants allege in their amended petition for a supersedeas, to state its effect in brief, that "prior to the date when the said personal property so attached was to be delivered to the sheriff" they offered and tendered delivery, but were informed by the sheriff it was not necessary, that the bond was in process of being discharged by settlement of the judgment against defendant in the original cause, and that if the judgment was not settled he (the sheriff) would advise them and they could then deliver the property. They further allege that afterwards they were directed by the sheriff to deliver up the property for which the bond had been made, and that within 10 days thereafter they did deliver up all the property for which they were liable under the terms of the bond, notwithstanding which the said sheriff did afterwards, in the month of April, 1915, declare the said bond forfeited, and so indorsing the same, did return it to the court, after which, on May 1, 1916, execution was issued and levied upon the property of petitioners.

On the facts alleged petitioners were entitled to relief. It will be noted that the replevy bond was executed and approved on November 10, 1914, and conditioned that the property levied on should be forthcoming on January 10, 1915, something more than 60 days afterwards. The statute (section 2955 of the Code) provides that the bond for the replevy of goods or chattels attached shall be conditioned for the return of the specific property attached within 30 days after the judgment. In Cobb v. Thompson, 87 Ala. 381, 6 South. 373, a case precisely in point on the principle involved, the argument of which speaks for itself and need not be repeated, it is held that a bond under the statute which provides for the delivery of property on a day different from the day prescribed by law is not good as a statutory bond, but only as a common-law bond, and cannot be declared forfeited summarily by sheriffs or constables, as only statutory bonds can be, and that the obligation of such a bond can be enforced only by the ordinary common-law remedies, and not by the summary remedy conferred by the statute. This, without more, affords a sufficient reason why the demurrer to the petition of appellants should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, J., concur.

McCLELLAN, J. (concurring). The petition for supersedeas seeks to quash an execution issued against the obligors on a forthcoming bond, executed and approved in an attachment proceeding, a copy of which is exhibited with the petition. The bond did not conform to the statute (Code, § 2955), for that the time within which the property levied on in the writ of attachment should be delivered to the sheriff was materially different from that prescribed by the statute. The bond was not a statutory bond; was a common-law obligation only. Cobb v. Thompson, 87 Ala. 381, 6 South. 373; Olmstead v. Thompson, 91 Ala. 127, 8 South. 346. Such a bond cannot become the basis of a "statutory judgment" (Munter v. Leinkauff, 78 Ala. 546), since an officer's effort to indorse a forfeiture on a nonstatutory replevy or forthcoming bond (Code, § 2956) is "no more than the ex parte, unsworn, and unofficial statement of a private person" (Olmstead v. Thompson, 91 Ala. 129, 8 South. 346). The execution was without a "statutory judgment" to justify its issuance; and, in necessary consequence, the, execution was and is void.

The question thus made is not one involving the collateral impeachment of a return by an officer within the doctrine of Jefferson County Bank v. McDermott, 99 Ala. 79, 81, 10 South. 154, as is insisted in the brief for appellee. On the contrary, the fault, apparent on the face of the bond, lies in the fact that the instrument was not such as warranted the officer in indorsing it forfeited so as to afford the basis for the "statutory judgment" prescribed in defined circumstances by Code, § 2956.

It follows that the demurrer to the petition was erroneously sustained.