154 So. 821

### CAMPBELL et al. v. TUCKER.
### 7 Div. 961.

Court of Appeals of Alabama.
May 9, 1933.

Rehearing Denied March 20, 1934.

Further Rehearing Denied March 27, 1934.

Baker & Baker and J. V. Curtis, all of Fort Payne, and Ball & Ball, of Montgomery, for appellants.

Chas. J. Scott, of Fort Payne, and Thos. E. Orr, of Albertville, for appellee.

SAMFORD, Judge.

The cause is presented by count B, demurrers thereto, pleas 1 and 2, and demurrer to plea 2.

The appellee was plaintiff in an attachment suit in the court below, against A. W. Buchanan. An attachment writ against the estate of Buchanan was issued and placed in the hands of defendant Campbell, who was the sheriff of De Kalb county, and by the said Campbell or his deputies this writ was levied on certain property described in the sheriff's return. The said Buchanan executed a certain paper supposedly intended as a forthcoming bond, which said paper was approved by defendant Campbell and the property levied on was released to the said Buchanan. The paper taken by the sheriff, and upon which the attached property was released, named no obligee and fixed no definite time for a return of the property as provided by section 6203 of the Code of 1923. The obligation taken by the sheriff for the return

of the property levied on was not such a statutory bond as would authorize plaintiff in the attachment suit to forfeiture and execution against the principal and sureties as is provided by section 6204, Code 1923. Gaut v. Beatty, 200 Ala. 654, 77 So. 28.

■ There having been a failure on the part of the sheriff to take the required statutory bond, after he had seized the property of defendant in the attachment suit and he had redelivered the same to defendant in attachment, this was a breach of the terms of his official bond, subjecting him and his surety to liability for the resulting damages. Harbin v. O'Rear, 219 Ala. 173, 121 So. 547.

The measure of recovery, in an action on a sheriff's bond for a redelivery of property levied on in attachment without having taken the required statutory forthcoming bond, would in no case exceed the value of the property levied on and released at the time of the levy. 57 Corpus Juris, 855 [353] 12; Code 1923, § 6204; Adler v. Potter, 57 Ala. 571.

■ If the amount to be recovered by plaintiff is less in amount than the value of the property levied on, the recovery would be the debt and costs.

■ As a general rule, a sheriff, who releases or negligently loses control of property levied on so that it is not available for the satisfaction of a judgment of condemnation in an attachment suit, is liable to the attachment plaintiff for the amount of the debt and costs, unless the property seized was not sufficient to satisfy the debt, in which case the measure of damages is the value of the property at the time when the levy was made. 57 Corpus Juris, 855 (353) 12.

■ The so-called forthcoming bond, taken and approved by the sheriff, fixed the amount of obligation at $1,300, which under the statute authorizing the taking of a forthcoming bond is twice the value of the property levied. This defective forthcoming bond is in evidence, and in the absence of proof to the contrary is sufficient upon which to fix a valuation in excess of the amount of the debt and costs and cast upon the defendant the burden of showing the property was of less value. Willard v. Whitney, 49 Me. 235.

■■ There was recovered in the court below, under affirmative instructions from the trial court, a judgment for $709.20, which amount included $17.40 court costs and $50 attorney's fees in a suit in the circuit court, wherein plaintiff brought suit on the so-called forthcoming bond claiming the same to be a valid common-law bond. In this suit the plaintiff failed of recovery. Without passing on the merits of that case, we hold that the bringing of that suit was voluntary on the part of plaintiff and these defendants are not liable for the expenses of that suit in this action. Nor was the bringing of that suit an election on the part of plaintiff such as to bar a recovery here.

The so-called forthcoming bond was not a nullity. Taking the whole instrument in connection with the surrounding circumstances, there can be no doubt as to the identity of the obligee in the bond, and while the omission to name the obligee renders the bond ineffective as a statutory bond so as to protect defendants in this suit, the obligation still rests on the principal and sureties in said bond, for the benefit of the plaintiff in the attachment suit. State v. Wood, 51 Ark. 205, 10 S. W. 624; Preston v. Hull, 23 Grat. (Va.) 600, 14 Am. Rep. 153, 12 Am. Law Reg. (N. S.) 699, and note; Fellows v. Gilman, 4 Wend. (N. Y.) 419; Pendleton et al. v. Bank of Ky., 1 T. B. Mon. (Ky.) 171; Leach v. Flemming, 85 N. C. 447. The rule based upon the above cases and others cited is stated in 9 C. J. 12 (13).

■ The plaintiff in the attachment case had two remedies open to him which were concurrent, and therefore the pursuit of the one did not bar a recovery in the other. Todd v. Interstate Mtg. & Bond Co., 196 Ala. 169, 71 So. 661. For this reason the demurrer to plea 2 was properly sustained.

■ Count B, while defective as to that part of the count seeking a recovery for "other large sums of money as attorneys fees and court costs in an unsuccessful bona fide attempt to recover on said bond," otherwise states a good cause of action, and the grounds attacking the description of the property and a failure to allege a value of the property seized were not well taken.

There are many other questions raised by the record, but as we view this case it becomes unnecessary for us to discuss them.

■■■ Regardless of the technical errors appearing (and there are several), the defendant offered no testimony, and it appears without conflict from the undisputed evidence that the plaintiff is entitled to recover; that the amount of that recovery should be the judgment in the attachment suit plus the costs in that case; that plaintiff is not entitled to a recovery for costs and attorney's fees in the suit in the circuit court in which plaintiff undertook to fix a common-law liability on the bond taken by the sheriff. It further appears that the evidence on another trial would not be changed, and, it appearing from the

record what judgment the trial court should have rendered, it becomes the duty of this court to do so.

The judgment of the trial court is reversed, and a judgment is here rendered in favor of appellee (plaintiff) for $400 with interest from June 16, 1931, and $241.85 costs, all of which was recovered in the attachment suit of Tucker v. Buchanan, but with no penalty or costs in this court.

Reversed and rendered.

### On Rehearing.

■ We are now asked to pass upon the liability of the surety on appellant's supersedeas bond, in view of the fact that the original judgment of this court was that the judgment of the trial court is reversed and a judgment here rendered for the amount of recovery to which the plaintiff was entitled.

This judgment was a mere correction of the judgment of the circuit court. The evidence being without conflict as to the right of recovery and the amount, this court proceeded to render a corrected judgment. That the form of the judgment is reversed and remanded is of no moment; the effect is to affirm the judgment in favor of plaintiff and correct the amount and render judgment for the amount as corrected. Montgomery L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 So. 205; Ashley v. Hill, 21 Ala. App. 603, 110 So. 597; New York L. Ins. Co. v. Reese, 201 Ala. 673, 79 So. 245; 4 Corpus Juris, 1274 (3362).

The effect of the judgment being an affirmance of defendant's liability and a correction of the amount of recovery, the surety on the supersedeas bond is liable to judgment under Code 1923, § 6153. Sanders v. Rives, 3 Stew. 109.

Let judgment be rendered against appellants and the sureties on the supersedeas bond, but without costs of appeal or penalty.