# Seals *v.* Holloway's Adm'r.

### *Garnishment in Pending Suit; Contest with Claimant.*

1. *Action for money had and received, for surplus proceeds of sale in hands of sheriff.*—An action for money had and received is, to some extent, an equitable action; and it may be maintained by a married woman, against the sheriff, to recover the surplus proceeds of sale of lands conveyed to her by her husband by deed of gift, which were afterwards sold under an execution against him having a prior lien, although the deed created in her only an equitable estate in the lands.

2. *Fraud vel non; charge invading province of jury.*—Where the plaintiff claims the money in controversy under a deed of gift from her husband, which is assailed on the ground of fraud in fact, the issue of fraud *vel non* is a question for the jury, and a general charge in favor of the defendant is an invasion of their province.

3. *Judgment against garnishee, and against claimant of fund.*—When a garnishment is sued out in aid of a pending action (Code, § 3219), and a claimant of the fund in the hands of the garnishee, being summoned, propounds his right and interest; the issue being tried before judgment has been rendered in the original suit, a judgment for costs may be rendered against the claimant, and his claim be declared invalid; but it is irregular to render judgment final against the garnishee, in favor of the plaintiff, with an award of execution.

4. *Insolvency of defendant's estate, before judgment against garnishee.*—On the death of the defendant pending the suit, the action being revived against his administrator, who afterwards reports the estate insolvent, and suggests to the court that it has been reported and declared insolvent, no valid judgment can afterwards be rendered against the garnishee.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The original action in this case was brought by G. F. Holloway, against S. J. Seals, and was commenced on the 16th January—

ary, 1882 ; the cause of action being the defendant's promissory note for $850, which was dated July 27th, 1881, and payable to the plaintiff or bearer.   An ancillary garnishment was sued out against John H. Morgan, the sheriff of the county, as the debtor of the defendant; who filed an answer, admitting that he had in his hands the sum of $869.89 belonging to the defendant, being the surplus of the proceeds of sale of certain lands sold by him under execution against the defendant, and remaining in his hand after satisfying the execution in full ; and he afterwards suggested to the court that Mrs. R. C. Seals, the wife of the defendant, claimed the money.   Afterwards, the death of the plaintiff was suggested, and the cause was revived in favor of his administrator ; and the death of the defendant being also suggested, the action was revived against said Morgan, the sheriff, as his administrator.   Other proceedings were had in the cause, as stated in the opinion of the court.

Mrs. Seals having appeared, and propounded her claim, an issue was made up between her and the plaintiff, which was submitted to a jury at the Spring term, 1884 ; and on the trial she reserved a bill of exceptions, in which the facts are thus stated :  " The claimant introduced in evidence a certain deed of gift from her husband, said S. J. Seals, dated June 17th, 1881, which conveyed to her, with other property, the storehouse and lot sold by said Morgan as sheriff under the execution in favor of Lehman, Durr & Co.; which deed was recorded on the 9th January, 1882.   It was in evidence, also, that the debt in favor of Lehman, Durr & Co., on which said execution issued, accrued before said deed of gift was executed ; and the evidence further tended to show that the plaintiff's debt in this case, on which the garnishment was sued out, accrued before said deed was executed, although the note sued on was dated afterwards ; and there was evidence, also, tending to show that said note was given for a present moving consideration at the time it was executed.   There was evidence, also, that said deed of gift was executed with the intent to hinder, delay or defraud the existing and subsequent creditors of said S. J. Seals; and other evidence, on the contrary, that it was executed *bona fide*.   Morgan, as sheriff, had sold the storehouse and lot under execution against said S. J. Seals ; and after paying off and satisfying said·execution in full with the proceeds of sale, there was left in his hands a surplus of $869.89. Morgan is.the administrator of said S. J. Seals, and is the defendant in the suit as such administrator ; and he is also the garnishee.   This was, in substance, all the evidence.   The court, being of opinion that, if the claimant had any right to said surplus in the hands of the garnishee as sheriff, she could only assert it in a court of equity, charged the jury in writing, on

[Seals v. Holloway's Adm'r.]

the request of the plaintiff, that they must find for the plaintiff, if they believed the evidence; to which charge the claimant excepted."

On the verdict of the jury, the court rendered judgment for the plaintiff, as follows: "It is therefore considered by the court, that the plaintiff recover of said garnishee, John H. Morgan, the sum of $869.89, the amount admitted by his answer to be due to the defendant; for which let execution issue." On a subsequent day of the same term, May 9th, 1884, Morgan, as administrator, suggested to the court that his intestate's estate had been reported insolvent; and the court thereupon ordered and adjudged " that this cause be continued to await return on that report." At the next term, on the 20th October, 1884, judgment by *nil dicit* was rendered against the defendant in the original suit, as follows: " The defendant saying nothing in bar or preclusion of the plaintiff's demand, it is therefore considered by the court, that the plaintiff recover of the defendant, John H. Morgan, the administrator of said S. J. Seals, deceased, the sum of $1057.76, for his damages, and also the costs; for which let execution issue. And it appearing that the estate has been declared insolvent, this judgment, with the costs, is certified to the Probate Court of Pike county, and no execution will issue from this court."

The charge of the court to the jury is the only matter now assigned as error.

W. D. ROBERTS, and M. N. CARLISLE, for the appellant, cited *Niolin v. Hamner*, 22 Ala. 578; *Hurt v. Redd & Co.*, 64 Ala. 85.

STONE, C. J.—There is no controversy in this case that the store-house and lot in Troy were subject to the execution in favor of Lehman, Durr & Co., under which they were sold. To the extent the proceeds were required to pay that claim, the sale was rightfully made. But the sale was entire, yielding a surplus above the execution. That was an unavoidable result, or it was an abuse. If the property was not reasonably susceptible of division, so as to sell only a part, and satisfy the execution with the proceeds of the part sold, then it was unavoidable. We feel bound to presume such was the case, for two reasons: first, there is no complaint on account of the entirety of the sale; and, second, in the absence of proof to the contrary, we presume the sheriff did his duty. The sale being entire, a surplus was left, and that surplus was money, having become such by a rightful sale; and it results necessarily, that that money became the property of the person, whoever it

[Seals v. Holloway's Adm'r.]

might be, who owned the *residuum* of the property, after paying the Lehman, Durr & Co. debt.

The claim of Mrs. Seals rests on a voluntary conveyance made by her husband, S. J. Seals, to her, alleged tobear date June 17, 1881. Holloway's claim, as shown by his complaint filed, is a note made by said S. J. Seals, bearing date July 27, 1881. There was conflict in the testimony, whether in fact the deed was executed before the debt was incurred by S. J. Seals, under which Holloway made claim ; and, conceding, for argument's sake, that the deed of gift was prior to the creation of the debt to Holloway, there was conflict in the testimony, whether or not the deed of gift was made with actual fraudulent intent, so as to render the property liable to debts incurred afterwards. These were the issues of fact raised before the jury. The court, at the request of plaintiff, gave to the jury the written charge, that if they believed the evidence, they should find the issue in favor of the plaintiff, Holloway's administrator. This ruling is assigned as error. In the bill of exceptions it is shown that the circuit judge's ruling was influenced by his opinion, that if Mrs. Seals was entitled to the money, she could assert her claim only in the Chancery Court.

There is, neither in the the transcript, nor in the argument of counsel, anything by which we can determine on what ground the ruling of the court is attempted to be justified. If it be rested on the principle, that the deed from Seals to his wife could, at most, vest an equitable title in her (*McMillan v. Peacock*, 57 Ala. 127), and that such equitable title will not uphold an action at law, the answer is, that that principle does not apply when money is the subject of contestation. Assumpsit for money had and received is, to some extent, an equitable remedy, and may be maintained when one man hold's money which, *ex æquo et bono*, belongs to another, unless there is a trust account, or some matter of purely equitable cognizance, involved in the controversy.—*Boggs v. Price*, 64 Ala. 514; *Westmoreland v. Foster*, 60 Ala. 447; *Collier v. Faulk*, 69 Ala. 58.

We have seen that, by legitimate methods, the claim of Mrs. Seals in the house and lot had become money. If her theory of the facts be the true one, that money, *ex æquo et bono*, belonged to her. The Circuit Court erred in taking from the jury the consideration of the inquiry, whether the deed of gift antedated the creation of the debt to Holloway, and whether or not it was not tainted with intentional fraud.—*Niolin v. Hamner*, 22 Ala. 578; *Hurt v. Redd*, 64 Ala. 85 ; *State v. Pool*, 5 Ire. Law, 105 ; *State v. Read*, 6 *Ib.* 80 ; *Averill v. Loucks*, 6 Barb. 470.

Lest injustice be done in the further progress of this case,

we will notice certain other points suggested by the record. Holloway instituted suit against Seals, February 6, 1882. On the same day, he made the statutory affidavit, gave bond, and sued out statutory garnishment in aid of his suit, summoning Morgan, sheriff, as garnishee. On the 28th April, 1882, the death of defendant Seals was suggested, and leave was granted to revive. Morgan was subsequently appointed his administrator, and the suit was revived against him as such. At the April term, 1882, Morgan, the garnishee, answered, stating a sum of money in his hands, surplus of the proceeds of the sale of the house and lot under the Lehman, Durr & Co. execution. At the next October term, 1882, Morgan, with leave, amended his answer, setting forth that Mrs. R. C. Seals claimed the money as hers; and notice was ordered to her, returnable to the Spring term, 1883, requiring her to come in and contest with plaintiff the *bona fides* of the transfer. She came in, and propounded her claim, founded on the said voluntary deed of June 17, 1881. An issue was formed, and that issue was tried, and determined against Mrs. Seals, at the April term, 1884. The main suit against Morgan, administrator of Seals, was not tried until October term, 1884. Before that time, the estate of Mr. Seals had been declared and decreed insolvent; and the purpose of the trial was not to obtain an active, available judgment against Seals' estate, but to ascertain and establish the amount due, that it might be certified to the Probate Court, as a valid claim against the insolvency.—Code of 1876, § 2581. Such was the course pursued in this case. As early as May 9, 1884, Morgan, the administrator, suggested, or pleaded, that the estate of his intestate, Seals, had been declared insolvent. Yet, notwithstanding the main suit against Morgan, administrator, had not been tried, and it could not then be shown whether any and what judgment would be rendered in such main suit, at the termination of the contested trial between Holloway's administrator and Mrs. Seals, at the Spring term, 1884, a judgment was rendered, that the plaintiff recover of Morgan, the garnishee, the sum admitted in his answer to be in his hands, and execution was ordered to issue. The judgment went too far. It should, at that stage, have only adjudged her claim to be invalid, and further, that she pay the costs of the contest. The question of the garnishee's liability on his answer should have been continued, until judgment was recovered in the main cause. Till then plaintiff had no predicate, or foundation for a judgment against the garnishee.

A graver question : Seals' estate was decreed insolvent, before the trial of the main suit. There never was, or could be a judgment proper—a vital judgment—recovered in that suit. The decree of insolvency of Seals' estate, rendered before final

[McCall v. Rogers.]

judgment against it, was a perfect bar to the plaintiff's right of recovery against the garnishee.—*McEachin v. Reid*, 40 Ala. 410; Drake on Attachments, 6th ed. § 459; *Woolfolk v. Ingram*, 53 Ala. 11; *McClellan v. Lipscomb*, 56 Ala. 255; *Phillips v. Ash*, 63 Ala. 414; *Giddens v. Williamson*, 65 Ala. 439.

Reversed and remanded.