## WILLIAM FENTON *vs.* WILLIAM A. GRAHAM.

Middlesex.    June 18, 1894. — June 21, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvency — Composition Proceedings — Discharge — Assent of Creditors — Statute.*

In determining under St. 1884, c. 236, as amended by St. 1885, c. 353, § 2, the number and value of the creditors of an insolvent debtor who have proved their claims in proceedings for composition, all are to be counted who have proved their claims up to the point of time when the judge proceeds to decide the question whether the assent filed is sufficient, and the other questions involved in determining whether the composition should be confirmed.

BILL IN EQUITY, filed June 11, 1894, by a creditor of an insolvent debtor to revise certain proceedings in the Court of Insolvency.

The bill alleged that, on or about April 20, 1894, the defendant filed in the Insolvency Court of Middlesex County a voluntary petition in insolvency, and at the same time an offer of composition of thirty per cent, under the provisions of the Composition Acts, so called; that a hearing was had upon the offer on or about May 10, and certain claims were proved at the hearing; that at an adjourned hearing held on or about May 24, the plaintiff, who was a creditor of the defendant, and many other creditors, duly proved their claims; that three fourths in number and value of all the creditors who duly proved their claims did not make written assent to the offer of composition at or before the adjourned hearing, not counting in the number of creditors those creditors whose claims were less than fifty dollars in amount; and that nevertheless the Court of Insolvency ruled that a sufficient assent to the proposal had been filed, and decreed and ordered that an adjourned hearing should be held on Monday, June 11, to proceed to determine whether the composition should be confirmed.

The prayer was for an order directing the Court of Insolvency to continue and adjourn the proceedings until the further order of the court, and that the rulings be reversed, and the Court of Insolvency be directed to decree that the proposal of composi-

tion should not be confirmed, and that the case proceed in insolvency.

Hearing before *Barker,* J., who issued an order continuing the case without confirming the composition offered until further order of the court, and ruled that all claims of creditors proved and allowed in the insolvency cause up to the time of the actual hearing on the confirmation of the composition, were under the provisions of St. 1885, c. 353, § 2, and of Rule XVII. of the Rules of the Courts of Insolvency, to be reckoned in determining the question whether the assent of creditors necessary to make it competent for the judge of insolvency to confirm a composition had been filed, and ordered that the restraining order should be continued in force. The justice reported the question for the determination of the full court.

*J. Prentiss,* for the plaintiff.

*P. H. Cooney,* (*J. J. Shaughnessy* with him,) for the defendant.

KNOWLTON, J. The only question in this case is whether, under St. 1884, c. 236, as amended by St. 1885, c. 353, § 2, in determining the number and value of the creditors of an insolvent debtor who have proved their claims in proceedings for a composition, those only who proved on the first day of the hearing shall be counted, or those also who proved afterward on the day to which the hearing was adjourned. The section referred to is in part as follows: " The hearing shall then be adjourned not less than seven days, and notice thereof sent to all creditors as before provided ; and if at or before the day to which such or any subsequent adjournment is made the debtor shall file in court the written assent to the proposal of the majority in number and value of the creditors who have proved their claims . . . the court shall proceed at the hearing, or at a further adjournment thereof, to determine whether the composition shall be confirmed, and any creditor may be heard thereon," etc.

The proposal for composition may be filed at any time after the filing of the petition by or against the debtor, and often it is filed, as it was in this case, on the same day as the petition. Only seven days' notice of the hearing on the proposal is required by the statute, and if the debtor's view of the law were correct only such creditors as proved their claims on the first

day could be considered in determining whether he had obtained the assent of a sufficient number. In many cases the receipt of the notice of the proposal gives the creditor his first information of the debtor's insolvency, and it would be a hard rule that would deprive him of his right to be considered upon the question of composition if he failed to prove his claim at the first meeting. The debtor would be likely to be active in inducing his friends to prove their claims, and it would often happen that those appearing at the first meeting would not fairly represent the whole body of creditors.

Under the original statute before the amendment above quoted the debtor in order to make a composition was obliged to pro cure the assent of the prescribed proportion of all his creditors, and only those who had proved their claims could be counted in favor of the composition. This provision was thought to put too great a burden on the debtor, and the law was amended so that the proportion required should be of those creditors who proved their claims, instead of the whole number. The debtor may file the assent " at or before the day to which such or any subsequent adjournment is made." He may from time to time file the assent of additional creditors, up to the very moment when the court is about to determine whether he has the assent of a sufficient number. Under § 26 of Pub. Sts. c. 157, which is made applicable to the Composition Act, creditors may prove their claims at any meeting. The condition in regard to assent of creditors to which the statute refers is the condition at the time of the hearing. Until then the rights of the parties are not fixed. Additional claims may be proved, and the debtor may file the assent of additional creditors. If he chooses to file the assent of some of them before the day of the final hearing, he gets the benefit of an agreement from each, which is irrevocable unless the court upon hearing gives the creditor leave to withdraw it. *Beverly Bank* v. *Wilkinson*, 2 Gray, 519, 520. *In re Borst*, 11 Nat. Bankr. Reg. 96. If the debtor is embarrassed by the proof of an unexpected number of new claims at the adjourned meeting, it is in the power of the court to give him time to try to procure the assent of those who prove them. In this way there is no difficulty in protecting the rights of all parties.

This interpretation of the statute is in accordance with the

practice and the decisions under other similar statutes. Under Pub. Sts. c. 157, § 86, a certificate of discharge cannot be granted " unless the assent in writing of . . . creditors who have proved their claims is filed in the case within six months." That is, the assent may be filed "at or before" the expiration of six months. But if the filing is before the expiration of the time the " creditors who have proved their claims " within the meaning of the law are not merely those who have proved at the time of the filing, but those who have proved at the end of the six months when the rights of the parties become fixed. *Gates* v. *Campbell*, 8 Cush. 104, 108. *Journeay* v. *Gardner*, 11 Cush. 355, 356.

The provisions of the bankruptcy act in relation to the discharge are in similar language, and have received the same construction. U. S. Rev. Sts. §§ 5108, 5112, 5116. *In re Borst*, 11 Nat. Bankr. Reg. 96.

Insolvency Rule XVII. could not change the statute, and was not intended to change it, or to put upon it any other construction than the one above stated. It is as follows : " In composition cases claims may be proved at any meeting ; but creditors who have not proved their claims prior to the hearing on confirmation of the composition shall not be counted in ascertaining the sufficiency of assent to such composition." The words " hearing on confirmation of the composition " refer to the point of time when the court takes into consideration the question of the sufficiency of the assent, and the other questions involved in deciding whether the composition should be confirmed. They do not refer to the general hearing on the proposal, of which notice is to be given when the proposal is filed, and which is begun on the first day before the adjournment required by the statute. They specify a particular hearing in distinction from the general hearing. The particular hearing referred to may not begin until after claims have been proved and other business has been done on the day to which the adjournment was made, or on any subsequent day to which there is an adjournment.

We are of opinion that the Court of Insolvency should be directed to enter a decree that the proposal of composition shall not be confirmed unless before the final hearing the debtor files

the assent of additional creditors enough to make three fourths in number and value of the creditors who at the final hearing shall have proved their claims.    *Decree accordingly.*