[Atlantic Coast Line R. R. Co. v. Dothan Mule Co.]

# Atlantic Coast Line R. R. Co. v. Dothan Mule Co.

*Action for Damages to Stock.*

(Decided May 24, 1909.   49 ᛁSouth. 882.)

1. *Appeal and Error; Necessity of Insistence; Waiver.*—Where appellant fails in brief or argument to insist on assignments of error, they will be held to be waived and not to be considered.

2. *Carriers; Goods; Exemption from Liability to Furnish Means of Unloading.*—Where the contract of shipment of live stock provided that the shipper should load and unload the stock at his own risk, this provision does not exempt the carrier from liability for failure to prepare proper chutes or platforms for unloading stock shipped by it as a common carrier, and this is especially true where it waives the provision by unloading the stock itself and not insisting upon its performance by the shipper.

3. *Same; Contract of Shipment; Exemption from Negligence.*—If the limitation is made to secure a reasonable and just proportion between its liability and its compensation, a common carrier of live stock may qualify its common law liability, both as to risk of accident and as to the amount of damage by a special contract with the shipper, but it cannot contract for immunity from liability for loss of or injury to property resulting from the negligence of it or its servants.

APPEAL from Houston Circuit Court

Heard before Hon. H. A. Pearce.

Action by the Dothan Mule Company against the Atlantic Coast Line Railroad Company for damages to stock received in shipping.   From a judgment for plaintiff the defendant appeals.   Affirmed.

ESPY & FARMER, for appellant.   The affirmative charge should have been given for the appellant.   Where a railroad company enters into a contract limiting its common law liability as an insurer of property in that particular transaction the carrier is not to be regarded as in the exercise of its public employment as a common carrier, but as a private person who incurs no respon-

[Atlantic Coast Line R. R. Co. v. Dothan Mule Co.]

sibility beyond that of an ordinary bailee for hire, and answerable only for misconduct or negligence; and when such contract is made the contract should be specially declared on if tort is brought against the carrier for a non delivery, or for a failure to deliver safely.—*Johnson v. E. T. V. & G. R. R. Co.*, 75 Ala. 603; *S. & N. R. R. Co. v. Wilson*, 78 Ala 587; *Western Ry. Co. v. Harold*, 97 Ala. 341; 16 A. & E. R. R. cases, 167; 62 Am. Dec. 572. The company was not bound to provide modern appliances but only reasonably safe appliances.—*A. G. S v. Moody*, 92 Ala. 286; *Reese v. S. & N. R. R. Co.*, 85 Ala. 497. There is nothing unreasonable in the provision of the contract by which the owner agrees to load, transfer and unload.—*E. T. V. & G. R. R. Co. v. Johnson, Supra; S. & N. R. R. Co. v. Henline*, 52 Ala. 606.

MAYFIELD, J.—This was an action by appellee, a shipper, against appellant, a common carrier, to recover $150 damages for the negligent injury of a mule delivered to and received by the defendant, as a common carrier, for shipment and delivery to the plaintiff, at Dothan, Ala. The specific negligence or wrongful act of the defendant, relied upon to constitute the cause of action, and which is alleged to have proximately contributed to the injury, was the employment of a defective chute, which had been provided or was maintained by the defendant company, for unloading the mules, by reason of which defect the mule of the plaintiff, in being unloaded by the defendant from its cars, slipped and fell, and thereby received injuries from which it died, to the damage of the plaintiff.

There were demurrers to the original complaint, and to the amended complaint, which were overruled by the trial court, and to which the defendant pleaded the general issue and a special plea, No. 2, being a special con-

tract of shipment by which the defendant limited its common-law liability as to injury of live stock, alleging that the plaintiff thereby released the defendant from assumed risk or injury to the animals shipped, and that the plaintiff thereby undertook and agreed to load and unload the live stock, the subject of the suit, at the owner's risk, and that, in the event that any of defendant's agents, servants, or employes should assist in the unloading of the stock, such employes, agents, or servants should be considered the employes, agents, or servants of the shipper, the plaintiff, and that the injury to the animal complained of, occurred while the owner was unloading from the car at his own risk. There was also another special plea, No. 3, which attempted to limit the amount of damages to the price fixed by the contract of shipment.

The plaintiff demurred to these pleas, and, his demurrer being overruled, filed several replications, to which the defendant demurred. Defendant's demurrers were sustained, except as to replication No. 2 to plea No. 3, as to which the demurrer was overruled. Issue was joined upon pleas 1, 2, and 3, and upon replication No. 2 to plea No. 3, resulting in a verdict and judgment for the plaintiff in the sum of $110. From that judgment the defendant appeals, and here assigns various errors, but only one of these is insisted upon in the brief of appellant; it being the refusal of the court to give the affirmative charge asked by the appellant, defendant. Consequently this is the only assignment of error which will be considered.—Mayfield's Digest, vol. 2 p. 133, subject, "Briefs of Counsel."

As to this assignment of error, we have no hesitancy in saying that there was no error. Only one witness was examined, to wit, the plaintiff, and his evidence proved the complaint and disproved the plea of the de-

fendant. The defendant introduced the bill of lading, containing the special contract limiting the liability set up in special Plea No. 2. This could not have the effect to justify the general affirmative charge for the defendant, for the reason that the wrongful act relied upon as the proximate cause of this injury was the negligence of the defendant in failing to provide or maintain proper or necessary chutes or platforms for the unloading of live stock from its cars. This he could not contract against, if he had attempted so to do. While the contract contained a provision whereby the owner or shipper could unload the live stock at his own expense and risk, this would not exempt the carrier from liability for failure to prepare proper chutes or platforms for unloading live stock shipped by it as a common carrier, and it also conclusively appears that the defendant common carrier waived this provision by unloading the animals itself, and without insisting upon a performance of this part of the contract by the plaintiff. Though the plaintiff was present while the animals were being unloaded, he swore that he had nothing to do with the unloading, gave no orders or directions, and was there only for the purpose of receiving the animals after they were unloaded by the defendant common carrier. While the common carrier may make special contracts between itself and the shipper, limiting the carrier's liability, and may thereby qualify its common-law liability by such special contract, both as to risk of accident and as to the amount of damages, if the limitation is made in order to secure a reasonable and just proportion between liability and compensation, yet a common carrier cannot contract for immunity from liability for the loss of or injury to property resulting from its own or its servant's negligence.—*Southern. Ry. Co. v. Jones,* 132 Ala. 440, 31 South. 501; *L. & N. R. R. Co. v. Landers,*

135 Ala. 510, 33 South. 482; *Mouton v. L. & N. R. R. Co.*, 128 Ala. 546, 29 South. 602.

The judgment of the circuit court is affirmed.

Affirmed

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.