# Stewart *v.* Sloss-Sheffield Steel & Iron Company.

## *Damage for Injury to Servant.*

(Decided Nov. 30, 1910. 54 South. 48.)

1. *Master and Servant; Injury to Servant; Contributory Negligence; Plea.*—Where the action was for injury to a servant occasioned by the falling of the roof of a mine, a plea alleging that the part of the roof which fell and injured the plaintiff was not supported, that plaintiff knew it was not supported, and was likely to fall and injure him, yet notwithstanding he negligently went under that part of the roof, and negligently remained there at work knowing that he was likely to receive injuries thereby, sufficiently sets out the fact of contributory negligence, and was good against demurrer.

[Stewart v. Sloss-Sheffield Steel & Iron Company.]

2. *Same; Assumption of Risk.*—Where the action was by a servant for injuries received from the falling in of a roof of the mine a plea alleging that that part of the roof which caused the injury was not properly supported by timbers, and was likely to fall and injure him, that plaintiff knew this, yet with full knowledge went under the roof and remained at work there, voluntarily assuming the risk of the roof falling and injuring him, sufficiently set out the facts as to assumption of risk, and was good against demurrer.

3. *Same; Evidence.*—Where the action was by a servant against the master for injuries received on account of the falling of the roof of the mine, and it appeared that the servant had been engaged in driving but when injured was robbing, it was permissible to show that the occupation of robbing was more dangerous than that of driving.

4. *Same; Contributory Negligence; Jury Question.*—Under the facts in this case, the question of contributory negligence vel non was for the jury.

5. *Evidence; Opinion.*—The question "were the timbers where the rock fell sufficiently close together to be reasonably safe" called for the opinion of the witness, as it was for the jury to find whether the props were close enough to be safe, especially where up to that time there had been no questions asked or proof as to how this roof had been constructed or how close the timbers were, and the witness did not state their condition, or that he knew the same.

6. *Same; Expert; Determination.*—Where a physician testified that he had attended the plaintiff some ten months previous to the trial, that he had examined the injury, that plaintiff was then suffering from it, describing the injury in a general way, and that his last visit had been six months before, it was proper not to permit him to testify as an expert as to the permanency of the injury.

7. *Same; Opinion; Facts Forming Conclusion.*—Where a physician had testified that he attended the plaintiff when he was injured, and made a medical examination of him at that time, a question to such physician "from what you saw of his injuries, would you say that he was permanently injured?" was properly excluded, as the question did not state how that information was determined or upon what facts the opinion was based.

8. *Same; Best and Secondary.*—Where it was sought to exclude evidence as to the time when a certain person went from mine No. 1 to Mine No. 2, and it did not appear whether the company's books showed the date and it further appeared that it was doubtful whether the pay roll showed it, but was reasonably certain that a small ledger would show it, the evidence could not be excluded because there was record evidence of the character here mentiond, if the witness had independent knowledge of the facts; such record evidence not being analogous to proof by parol of what the books showed.

9. *Appeal and Error; Evidence; Review; Discretion.*—The determination of the qualification of a witness to speak as an expert is largely within the discretion of the trial court, and its rulings thereon will not be reviewed unless an abuse of discretion is shown.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Wade Stewart against the Sloss-Sheffield Steel & Iron Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The negligence alleged in the first count is a failure to provide plaintiff with a safe place in which to do his work under said employment, in that the roof of the mine where said rock fell was not sufficiently propped up or sustained. The second count alleges the negligence to be a failure of defendant to use due care in or about making said roof safe or secure from falling, as it was its duty to do. The second plea was contributory negligence, in that the part of the roof which fell and injured plaintiff was not properly supported by timbers, and the plaintiff knew that it was not properly supported by timbers, and that it would likely fall and injure him by reason of its not being properly secured, yet, notwithstanding, plaintiff negligently remained at work, knowing that he would likely or probably receive great personal injuries by reason of the said roof not being properly supported by timber, and as a proximate consequence received the said injury. The third plea was contributory negligence, in that plaintiff went under a part of the roof, which fell on him, when the same was not supported by the timber, and he knew it was not supported by the timber, and, by reason of said timber not supporting the roof, would fall and cause him great personal injury, as a proximate consequence of which he received said injuries. The fourth plea was assumption of risk, in that plaintiff went under that part of the roof, which fell and injured him as alleged, when the said part of said roof was not supported by timbers, when plaintiff knew that said part of said roof was not supported by

timbers, and that it was likely to fall because thereof, and inflict great personal injury on plaintiff, yet with full knowledge of the danger he voluntarily encountered it, and assumed the risk of the part of said roof falling and injuring him. The fifth plea was assumption of risk, based on the same statement as contained in plea 3.

MATHEWS & MATHEWS, for appellant. The court erred in overruling demurrer to special pleas 2, 3, 4 and 5.—*Osborne v. Ala. S. & W. Co.,* 135 Ala. 575; *Tutwiler C. & C. Co. v. Farington,* 144 Ala. 157; *Creola L. Co. v. Mills,* 149 Ala. 475; *T. C. I. R. R. Co. v. Burgess,* 158 Ala. 519; *Lockhardt v. Sloss-Sheffield,* 51 So. 627. The court erred in sustaining objection to the question as to whether the timbers in the mine was sufficiently close together to make the roof safe.—100 Ala. 197; 97 Ala. 220; 98 Ala. 285. The physician should have been permitted to testify from his knowledge as to whether or not the injuries were permanent.—140 Ala. 87; 92 Ala. 209; 58 Ala. 290; 17 Cyc. 64. The witness should have been permitted to testify that robbing was more dangerous than driving.—109 Ala. 475. Books were the best evidence as to when the timber men were moved from No. 1 to No. 2 Mine, and the court erred in permitting any parol testimony thereof.—*Torry v. Burney,* 113 Ala. 497; 17 Cyc. 471. The question of contributory negligence was one for the jury under the evidence in this case.—See authorities first cited above. Hence, the court erred in giving the affirmative charge.

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. Pleas 2, 3, 4 and 5 were sufficient.— *Merriwether v. Sayre M. & M. Co.,* 161 Ala. 441; *New. C. C. & C. Co. v. Kilgore,* 50 So. 205. As to whether or not the timbers were sufficiently close to make the

roof safe, called for a conclusion, and it was not shown that the witness was an expert.—*Bor. F. & M. Co.*, 97 Ala. 220; *B. R. & E. Co. v. Baylor*, 101 Ala. 488. The condition of the roof was a point to be determined by the jury.—*B. R. L. & P. Co. v. Martin,* 148 Ala. 14. The question to the physician did not hypothesize sufficient facts as the basis for an opinion.—*K. C. M. & B. Co. Case,* 143 Ala. 262. The court properly declined to allow the witness to state that robbing was a more dangerous occupation than driving. The books were not such as to prevent parol testimony of the time when the timber men were moved from mine 1 to mine 2. Counsel insist that under the evidence in this case the court properly directed the verdict for the defendant under the plea of contributory negligence.—*Peters v. So. Ry. Co.,* 135 Ala. 533; *Sloss-S. S. & I. Co. v. Knowles,* 129 Ala. 410; *Richards v. Sloss-Sheffield, etc.,* 146 Ala. 258; *Pioneer M. & M. Co. v. Smith,* 150 Ala. 359.

SIMPSON, J.—This is an action by the appellant against the appellee, for personal injuries received by the plaintiff, as an employee of the defendant, while working in a coal mine of defendant, caused by the falling of the roof of the mine on plaintiff.

There was no error in overruling the demurrer to the second plea.—*Merriweather v. Sayre Mining & Manuf'g Co.,* 161 Ala. 441, 445, 446, 453, 49 South. 916 (pleas 2 and 8); *New Connellsville Coal & Coke Co. v. Kilgore,* 162 Ala. 642, 50 South. 205, 209 (plea 5).

On the same authorities, there was no error in overruling the demurrers to the third, fourth, and fifth pleas.

There was no error in sustaining the objection to the question to the witness Goodloe Robinson, "Were the timbers in this mine, at the point where the rock fell

and injured plaintiff, sufficiently close together to make the roof reasonably safe?" While the witness stated that he was a contractor, and had been working in an ore mine eight or nine years, yet his evidence shows that his work was in getting out coal, and not in constructing the roofs, etc., of the mine. It is also true that, at the time this question was asked, there had been no proof as to how this roof was constructed, nor how close the timbers were together, and the witness did not state how close they were together, nor how close they should be, nor that he knew how close they were togeher.—*Birmingham Railway & Elec. Co. v. Baylor,* 101 Ala. 489, 498, 13 South. 793. In the case of *McNamara v. Logan,* 100 Ala. 187, 196-197, 14 South. 175, 178, the witness was shown to be "perfectly familiar with the business in all of its details, including the driving of construction of cross-entries, their width," etc., "the necessity of the driver to take a position between the cars and the wall of the entry, * * * and the correlative necessity for sufficient space for this work to be done"; and he specially deposed that he was "acquainted with the general construction of cross-entries, and that the rule was to have the space referred to about three feet in width." Consequently he was allowed to testify as to whether it was safe to have this space as narrow as a foot, or a foot and a half. In the case of *Birmingham Furnace & Manufacturing Co. v. Gross,* 97 Ala. 221, 230, 12 South. 36, the question as to whether some men can stand more gas than others was a matter of common knowledge to which any one could testify, and while the court might, for that reason, have excluded the testimony, yet it could not be placed in error for allowing it. Besides, the witness, who had been in the business for four or five years, had had opportunities for observing that fact. In the case

now under consideration, the question whether the
props were sufficiently close together to be reasonably
safe was for the jury to consider, and the witness should
have been required to state facts, from which the jury
could decide that matter, and not merely give his gen-
eral opinion, without stating the facts.—*Birmingham
Ry., Lt. & P. Co. v. Martin,* 148 Ala. 9, 14, 42 South.
618. In the case of *Alabama Connellsville Coal & Coke
Co. v. Pitts,* 98 Ala. 285, 289, 290, 13 South. 135, 137,
the witness was shown to have been long and well ac-
quainted with the use of the machinery, and he was al-
lowed to testify, not whether it was properly construct-
ed, but whether that particular pattern of tipple "was
reasonably adapted for the purpose for which it was
used," which was evidently peculiarly within his knowl-
edge.

The next assignment insisted on is that the court
erred in sustaining the objection to the question to Dr.
Downing, "Would you say from what you saw of the
plaintiff and from what you know of his injuries that
he was permanently injured?" The general rule has
been declared that the qualifications of a witness to
testify as an expert is a matter largely within the dis-
cretion of the court trying the case, and the appellate
court will not reverse its rulings unless there has been
an abuse of that discretion; and Mr. Wigmore states
that the exercise of the discretion in this particular
should not be reviewed at all.—*Gila Valley R. R. Co.
v. Lyon,* 203 U. S. 465, 475, 27 Sup. Ct. 145, 51 L. Ed.
276; *Chateaugay Iron Co. v. Blake,* 144 U. S. 476, 484,
12 Sup. Ct. 731, 36 L. Ed. 510; *Spring Co. v. Edgar,*
99 U. S. 645, 658, 25 L. Ed. 487; *Amory v. Inhabitants
of Melrose,* 161 Mass. 556, 39 N. E. 276; *Bowen et al. v.
Boston & A. R. Co.,* 179 Mass. 524, 61 N. E. 141; *Allen
v. Voje,* 114 Wis. 1, 89 N. W. 925; *I. L. Corse & Co. v.*

[Stewart v. Sloss-Sheffield Steel & Iron Company.]

*Minn. Grain Co.,* 94 Minn. 331, 102 N. W. 728, 730; 1 Wigmore on Ev. § 561, and notes. Dr. Downing had testified that he was called to see the plaintiff in April of the year previous to the trial in February; that he was then suffering from the injury; that his back was injured, he *appeared* to have sustained an injury in the region of the kidneys, and was passing blood through his urine, and that he had an injury on his head and a bruise between his shoulders; and that the last time he saw the plaintiff was "in August of last year" and he was then unable to do any work. In view of the evidently cursory examination of the plaintiff's injuries by the doctor, and the length of time since he had seen him, and in view of the form of the question asking "and from *what you know* of his injuries, etc.," without stating how that information was obtained, we cannot say that the court erred in excluding the testimony.

There was no error in overruling the objection to the question to the witness Hanby, "Explain to the jury what is meant by robbing, and explain whether or not robbing is a more dangerous occupation than driving a heading." The objection was to the question as a whole, because irrelevant, incompetent, invasive of the province of the jury, and calling for a conclusion of the witness. The witness showed that he was qualified to testify as an expert, and it was proper to explain the difference between "driving" which the plaintiff had been doing before, and "robbing," which he was doing at the time of the injury, and to show whether the latter was more dangerous than the former, and therefore called for extra precaution.

There was no error in overruling the motion to exclude the evidence about the time that Holsomback went from mine No. 1 to mine No. 2. Holsomback had testified that he did not know whether the company's

books showed that date, and Rogers testified that the pay roll might not show it, but that a small ledger would. The books do not constitute such a record as to exclude evidence of the facts of which a witness has independent knowledge. This testimony is not analogous to proof by parol of what the books contain.—17 Cyc. 480, 481; *Godbold v. Blair & Co.*, 27 Ala. 592; *M. & C. R. R. Co. v. Maples*, 63 Ala. 601, 607. In the case of *Roden & Co. v. Bowen*, 103 Ala. 325, 329, 15 South. 598, it is stated that the witness had no independent knowledge of the matter proposed to be testified to.

The evidence in this case with regard to the knowledge of the plaintiff, as to the danger of working at the place where the injury occurred, does not come up to that described in *Sloss Iron & Steel Co. v. Knowles*, 129 Ala. 410, 416, 30 Suth. 584, so as to justify the giving of the general affirmative charge, in favor of the defendant. The plaintiff testified that he did not know that the rock was likely to fall; that, although he knew that when the pillars are taken down in robbing it is necessary to put in timbers to support the roof, he did not know how many pillars had been taken out, did not know whether timbers were needed, did not know anything about the timbers, and had nothing to do with the timbering of the mine. We think this raised a conflict in the evidence on the question of contributory negligence, and that the court erred in giving the general affirmative charge in favor of the defendant.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.