(91 South. 802)

### BROWN v. MOBILE ELECTRIC CO.
### (1 Div. 214.)

(Supreme Court of Alabama. Dec. 22, 1921.)

**1. Appeal and error ⟨⟩1078(1)—Assignments of error not argued are waived.**

The court will presume that assignments of error, not argued in appellant's brief, are waived.

**2. Electricity ⟨⟩19(2)—Count, alleging excessive current was furnished, must allege necessary current was not dangerous.**

A count, alleging that defendant wrongfully caused the death of plaintiff's intestate by furnishing, under a contract to furnish a current of electricity reasonably necessary for a motion picture theater, a current which was greater than was reasonably necessary, and which was dangerous to human life, was defective, where it did not allege that the reasonably necessary current was not dangerous to human life, since, if both currents were equally dangerous, the negligent furnishing of the excessive current was not the proximate cause of the death.

**3. Evidence ⟨⟩553(2), 555 — Expert must state facts if personally known, or they must be stated in hypothetical question.**

Before an expert can state his opinion he must first testify to the facts on which the opinion is based if they are personally known to him, and if such facts were not personally known and were shown by other evidence in the case, they must be included in a hypothetical question asking for the opinion.

**4. Appeal and error ⟨⟩971(2)—Evidence ⟨⟩546—Qualification of expert rests largely in trial court's discretion.**

The qualifications of a witness to testify as an expert is a matter largely within the discretion of the trial court, and the appellate court will not reverse its ruling unless there has been an abuse of that discretion.

**5. Evidence ⟨⟩553(4)—Hypothetical question must be supported by evidence, but technical accuracy is not required.**

The hypothetical question addressed to an expert must include facts supported by the evidence, or which the evidence tends to prove, but technical accuracy is not required, and each party can submit to the expert that part of the evidence which, if believed by the jury, would support his theory of the case.

**6. Appeal and error ⟨⟩971(1)—Evidence ⟨⟩553(1)—Proper form of hypothetical question rests in trial court's discretion.**

The proper form of a hypothetical question asked an expert, when based on evidence in the case, rests largely on the sound discretion of the trial court, and that court will not be put in error unless the discretion is abused.

**7. Evidence ⟨⟩547—Rule witnesses should leave conclusions to jury is subject to exception in case of experts.**

The general rule that witnesses should give the facts, details, and circumstances and let the jury draw the conclusions therefrom is subject to exception, where the subject involves expert evidence.

**8. Trial ⟨⟩194(2)—Charge to find for defendant if jury believes evidence should not be given if there is any evidence to support verdict for plaintiff.**

A charge to find a verdict for defendant if the jury believe all the evidence in the case should never be given, where there is the

slightest evidence tending to prove a right of recovery by the plaintiff.

**9. Trial ⬤☞108—Refusal to permit counsel to argue, on credibility of witnesses held error.**

After the trial court gave a charge to find a verdict for defendant if the jury believed all the evidence in the case, the refusal of plaintiff's request, made before the jury retired, to argue the credibility of the evidence, was erroneous, as denying plaintiff's right under Const. § 10, providing that no person shall be barred from prosecuting or defending, by himself or counsel, any civil cause to which he is a party.

**10. Trial ⬤☞187(1)—Credibility of oral testimony is for the jury.**

Where all the evidence in the case was oral, except a contract under which the defendant was furnishing electricity and which did not defeat plaintiff's right to recover, and the plaintiff made out a prima facie case, the credibility of the testimony on behalf of plaintiff and defendant was for the jury and not for the court, and a charge that, under the evidence, the jury ought to find a verdict for the defendant was manifestly erroneous as taking the question of credibility from the jury.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by. Harvey W. Brown, as administrator of the estate of Luther H. Good, against the Mobile Electric Company, for damages for the death of his intestate. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, for appellant.

The court erred in directing a verdict for the defendant. 198 Ala. 523, 73 South. 897; 201 Ala. 630, 79 South. 192; 194 Ala. 338, 70 South. 7; 175 Ala. 194, 57 South. 23; 196 Ala. 67, 71 South. 422. The court erred in permitting the hypothetical question in the shape in which it was put. 94 Ala. 45, 10 South. 602; 131 Ala. 359, 31 South. 548; 135 Ala. 388, 33 South. 33; 170 Ala. 544, 54 South. 48, Ann. Cas. 1912D, 815; 187 U. S. 159, 23 Sup. Ct. 72, 47 L. Ed. 119; 11 R. C. L. 577–579. Plaintiff made out a prima facie case. 190 Ala. 82, 66 South. 702; 171 Ala. 338, 54 South. 650; 99 Atl. 174. The court should have given the explanatory charge that the general charge did not mean that the jury had to find for the defendant, whether it believed the evidence or not. 204 Ala. 332, 85 South. 390; 80 Ala. 73.

Palmer Pillans, A. T. Gresham, and M. V. Hanaw, all of Mobile, for appellee.

Counsel insists that under the evidence, the court properly directed a verdict for the defendant. 204 Ala. 320, 85 South. 257.

MILLER, J.  Harvey W. Brown, as administrator of the estate of Luther H. Good, deceased, brings this suit for damages against the Mobile Electric Company, a corporation. He alleges, in substance, that his intestate's death was wrongfully caused by the defendant; that defendant was furnishing electricity to run a moving picture machine, under contract with intestate and others, and defendant, its agents or servants, while acting in the line and scope of their employment, unnecessarily and negligently charged a wire with which plaintiff's intestate was likely to come in contact, while operating the machine, with a deadly current of electricity; that his intestate came in contact with said wire so charged, and as a proximate result thereof was killed; and that it was not necessary under the contract for defendant to furnish a current of electricity to operate the lights and to run the machine that was dangerous to human life. There was a jury and verdict for defendant, judgment thereon by the court, and from it plaintiff appeals.

[1] There are ten assignments of error based on rulings of the court adverse to appellant on demurrers to the complaint and to the different counts. In brief appellant argues only one. This one will be considered. The court will presume the others are waived. Atlantic Coast Line R. Co. v. Dothan Mule Co., 161 Ala. 341, 49 South. 882; 1 Ency. Dig. of Ala. Repts. p. 633, § 1078.

[2] Count 4 as last amended, after making some other necessary allegations, averred:

"Defendant promised and agreed to furnish a current of electricity such as was reasonably necessary for said purpose, * * * and the defendant * * * did negligently furnish a greater current than was reasonably necessary for supplying said lights and operating said moving picture machine, * * * and plaintiff's intestate, while engaged in and about his said business in said building, did come in contact with said wires or with said machine charged with said excessive current, and that he thereby received a shock of electricity which proximately caused his death," etc.

This count as last amended is defective in failing to aver that the necessary and reasonably necessary current of electricity contracted for to run the lights and machine was not dangerous to human life, a deadly current. The contract may have called for a current that was dangerous to human life, a deadly current, to run the lights and machine; if it did, then it would be no breach of duty for the defendant to furnish it; and it would not be liable if the death of plaintiff's intestate was caused as a proximate consequence of coming in contact with it; and plaintiff could not complain even if the current furnished was greater than was reasonably necessary, for both currents would be dangerous to human life, a deadly cur-

---

⬤☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rent—the current contracted for by his intestate and the current furnished by the defendant. This amended count alleges no duty the negligent breach of which was the proximate cause of the death of Luther H. Good. This is necessary. The court did not err in sustaining the demurrers to it. Tenn. Coal & Iron Co. v. Smith, 171 Ala. 251, 55 South. 170.

[3] A. D. Quackenbush is general superintendent of the defendant company. He has held that position since 1913, and has been engaged in the practical application of the profession since he graduated in 1907 at Armour Institute of Technology. He was an electrical engineer in charge of the business of defendant as general superintendent when Luther Good died at the Liberty Theater. He was not in the city the night of Good's death. The court erred in permitting defendant to ask him [Quackenbush] this question:

"I wish you would state how many ways there would be possible for a high tension current to get upon and into the wires and moving picture machine in the operating room of the Liberty Theater under the conditions that existed on the evening of May 25, 1919?"

[4] The conditions existing at the Liberty Theater on the evening of May 25, 1919, are not stated by the witness, nor are they hypothesized in the question. If the conditions were known personally to him, he should have first detailed the facts to the court and jury, and thus given a basis to them for weighing the value of his opinion. If he did not know the conditions personally, then the conditions as shown by the evidence in the case, by other witnesses, should have been hypothesized to him as a basis on which to rest his opinion as an expert. If his opinion is based on known facts, then he must first testify to the facts before expressing his expert opinion on them. Stewart v. S.-S.-S. & I. Co., 170 Ala. 544, 54 South. 48, Ann. Cas. 1912D, 815; 11 R. C. L. p. 577, § 9; Raub v. Carpenter, 187 U. S. 159, 23 Sup. Ct. 72, 47 L. Ed. 119. An expert witness must be qualified and competent to testify.

"The qualifications of a witness to testify as an expert is a matter largely within the discretion of the court trying the case, and the appellate court will not reverse its rulings unless there has been an abuse of that discretion." Stewart v. S.-S.-S. & I. Co., 170 Ala. 544, 54 South. 48, Ann. Cas. 1912D, 815; L. & N. R. R. Co. v. Elliott, 166 Ala. 419, 52 South. 28.

[5, 6] The hypothesized question addressed to the expert must include facts supported by the evidence or which the evidence tends to prove; but technical accuracy is not required. Each party has the right to submit to the expert for an opinion that part of the evidence which, if believed by the jury, would support his theory of the case. Hence the form of the question, when based on evidence or the tendency of the evidence in the case rests largely in the sound discretion of the trial court, and the court will not be put in error unless that discretion is abused. Birmingham Ry. & Elec. Co. v. Butler, 135 Ala. 388, 33 South. 33; Long Dist. T. & T. Co. v. Schmidt, 157 Ala. 391, 47 South. 731; Grasselli Chem. Co. v. Davis, 166 Ala. 471, 52 South. 35; 11 R. C. L. p. 579, § 11.

[7] The witnesses should narrate the evidence, give the facts, details, and circumstances, and let the jury form the opinion, draw the conclusions from the testimony; but to this general rule there are many exceptions, as where the subject involves expert evidence, etc. Cent. of Ga. R. Co. v. Jones, 170 Ala. 611, 54 South. 509, 37 L. R. A. (N. S.) 588; City of Anniston v. Ivey, 151 Ala. 392, 44 South. 48; L. & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 South. 125; 22 Corpus Juris, p. 502, § 597, subsec. 3.

There are many assignments of error based on rulings of the court permitting and not permitting opinions of experts on different matters to go to the jury, and to witnesses being allowed to give their opinions instead of narrating the facts and allowing the jury to draw the conclusion. The appellant insists that the court erred in each instance. As to this we need not decide. The case must be reversed for other errors hereinafter mentioned. It will serve no good purpose to analyze and discuss each of these questions and answers, to see if there was any error or any reversible error committed by the court. The above rules on these subjects and the authorities cited will be sufficient to aid and guide the court on another trial.

All of the witnesses in the case, except one, were seen, their demeanor on the stand observed, and their testimony heard in open court by the jury and judge.

The contract to furnish the electricity was the only documentary evidence. By it the defendant was to furnish a current to run fans, lights, and moving picture machine at the Liberty Theater for deceased and others; and it appears from the contract and the oral testimony this electric current to be furnished was not a deadly one or dangerous to human life.

Plaintiff's intestate, by the tendency of his evidence, was a strong healthy man up to the moment of his death, when in the conduct of his business in the theater he came in contact with the electric wire, then he was drawn up against the picture machine and was rigid until the switch was thrown off by another person, thereby cutting off the electric current; then he relaxed, became limp, and died immediately. This current of electricity was furnished by the defendant under the contract. The deceased had a hemorrhage of the lungs. There is a vigorous dispute in the medical testimony over the question of whether "such hemorrhage of the

lungs was produced by an electric shock or had no connection therewith, but was simply a breaking down of unresolved areas of inflammation in the lung tissues."

The evidence of the defendant, by witnesses in charge of the electric plant and by experts, tended to show in short and in substance that the defendant, its servants or agents, were guilty of no negligence in the cause of the death of deceased, because no excessive, dangerous, or deadly current could pass into the theater wires from the defendant's plant, as the plant of defendant at the time was in proper repair, properly equipped, and properly operated. The witnesses go into detail in explaining how it would be physically, electrically and mechanically impossible for a deadly current, a dangerous current to human life or an excessive current to pass into the theater building without leaving signs that could be seen by some evidence on some part of the plant, its wires, transformers, or bulbs, etc.; and that there were no signs or evidences of any such currents anywhere.

At the request of the defendant the court gave the jury this written charge:

"The court charges the jury that, if they believe all of the evidence in this case, they ought to find a verdict for defendant."

[8] This charge should never be given for defendant where there is the slightest evidence tending to prove a right of recovery by the plaintiff in the case. In this state the scintilla of evidence rule prevails. When the evidence shows, or legitimate inferences or conclusions can be drawn from the evidence by the jury tending to prove, that the plaintiff has a right to recover, that charge should be refused for the defendant. Pentecost v. Massey, 201 Ala. 261, 77 South. 675; Foxworth v. Brown Bros., 114 Ala. 299, 21 South. 413; Schmidt v. Joseph, 65 Ala. 475; Seals v. Holloway, 77 Ala. 344; L. & N. R. R. Co. v. Marbury, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Kansas City R. Co. v. Ferguson, 143 Ala. 513, 39 South. 348; L. & N. R. R. Co. v. Holland, 173 Ala. 675, 55 South. 1001.

Was the giving of that charge error in this case? The plaintiff by its evidence has made out at least a prima facie case. Town of Athens v. Miller, 190 Ala. 82, 66 South. 702; Ala. City G. & A. R. Co. v. Appleton, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 South. 257. This being true, this case must be reversed for errors hereinafter mentioned. So whether the general affirmative charge with hypothesis should have been given for the defendant on the evidence in this case we need not decide. It may be different on another trial.

[9] After the court gave said affirmative charge with hypothesis for the defendant and before the jury retired, the attorney for plaintiff requested the court to permit him to argue the credibility of the evidence to the jury. The court would not allow him to do so. Was this error? Yes. Section 10 of the Constitution of Alabama reads:

"That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party."

A party to a civil cause is by this guaranteed the right to be heard by himself or counsel before any tribunal in this state on all questions of law and credibility of the evidence, either of which may arise in the case. Peagler v. State, 110 Ala. 14, 20 South. 363.

In Dorough v. Ala. Power Co., 200 Ala. 605, 76 South. 963, this court wrote:

"Where a party is not thus bound, and the issue of the credibility of the evidence is submitted to the jury, no doubt counsel would be entitled to argue that issue to the jury. * * * But where a party's own witnesses established his adversary's case or defense, without material conflict or dispute, there can be no issue upon the credibility of the evidence, and hence the affirmative charge might properly be given without such hypothesis."

In this case by that charge the credibility of the evidence was submitted by the court to the jury; but the court refused counsel the right to argue that issue to them. This he was permitted to do by the organic law of this state. Section 10 of the Constitution guarantees that right to either party or his counsel. The courts cannot take it away from them. The courts should see they are not deprived of it. That question, the credibility of the evidence, having been submitted to the jury by the court, the counsel for each party had the right to be heard thereon by argument to them. Dorough v. Ala. Power Co., 200 Ala. 605, 76 South. 963; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Peagler v. State, 110 Ala. 14, 20 South. 363; section 10, Const. Ala. 1901.

After the jury had been out for some time they requested to be brought into court. This being done, the presiding judge told them to have seats. The foreman of the jury remained standing and stated:

"We are in dispute about the charge that has been given and what it means. We cannot, any of us, believe all of the evidence."

The presiding judge then asked the jurors what part of the evidence they did not believe, and the foreman replied:

"Some of us do not believe some parts and some do not believe other parts. We all differ on that."

At the request of the defendant, the court then gave this written charge to them:

"The court charges the jury that if they believe the evidence in this case they ought to find a verdict for defendant."

The jury then retired to the jury room to consider the case again. After they had been out for some time, they were brought back into the courtroom under orders of the presiding judge. The court then at the request of the defendant gave the jury this written charge:

"The court charges the jury that under the evidence in this case they ought to find a verdict for the defendant."

That charge was read to the jury and the court said to them:

"The court is instructing you, in accordance with that charge, and is responsible for that charge, but you are bound by the charge."

The foreman of the jury then inquired of the court:

"That is regardless of whether we believe the evidence or not?"

And the Court replied, "Yes."

The plaintiff excepted to said charge, and separately to each of the statements of the court to the jury in regard to it. The court by this directed the jury to bring in a verdict for the defendant.

[10] The plaintiff made out a prima facie case. The entire evidence of the defendant was ore tenus. Its credibility was for the jury and not the court. Nearly all of the testimony of the plaintiff was oral. Its credibility was also for the jury. The court could not take the credibility of the testimony of these witnesses from the jury and direct a verdict for the defendant, whether the jury believed the evidence or not, when the plaintiff's evidence had made out a prima facie case. The court did do so. This error was manifest. Shipp v. Shelton, 193 Ala. 659, 69 South. 102; Sherrill v. Merchants', etc., Bk., 195 Ala. 175, 70 South. 723; Scott v. State, 110 Ala. 48, 20 South. 468; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 South. 257; Dorough v. Ala. Power Co., 200 Ala. 605, 76 South. 963.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.